MARTIN TOBIN, an Infant, by ANNA TOBIN, His Guardian ad Litem, and ANNA TOBIN, Plaintiffs, *v.* SAMUEL D. SHWITZER and HARRY SHWITZER, Defendants.

City Court of New York, Trial Term, Bronx County, December 5, 1934.

*Robert Cohen* [*Thomas F. Franklin* of counsel], for the plaintiffs.

*Samuel D. Shwitzer* [*Marcel Levy* of counsel], for the defendants.

EVANS, J. The infant plaintiff, while sliding down a toboggan, fell and was injured. The toboggan was maintained in a playground for children, as a part of an apartment house, owned by defendants. The cause of the accident, it is claimed, was that the toboggan tilted, because one of its two supporting legs was missing. Negligence is claimed, on the part of the landlord, because he allowed children to play on such a dangerous slide.

The only witness to the accident, and to the fact that one of the supporting legs of the toboggan was missing, was the attorney of record for plaintiffs, who procured other counsel to conduct the trial. After witnessing the accident, he procured a contingent retainer from the child's guardian, and about nine months after being authorized, commenced the action. The defendants' employees, in charge of the playground, testified that the toboggan had only been put into the playground a few days before the accident, and was in a practically new condition, and that none of its supporting legs was missing; that the toboggan, without alteration, is still in use in the same playground.

The parties had waived a jury trial, and the cause was tried before the court. At the close of the case the court was in doubt as to the condition of the toboggan at the time of the accident. The court, being thus in doubt, directed counsel to submit an order that a special issue be framed to be tried before a jury, and the special issue to be framed was as to the condition of the toboggan at the time of the accident. Decision of the case was reserved until the special issue was decided by the jury. Plaintiffs were agreeable to the direction of the court, but defendants did not consent thereto.

The question now arises as to whether the court has the power or jurisdiction to sign such an order.

Authority there is for the court, in its discretion, to order the framing of special issues for trial by jury, but only in a case where the party is not entitled as a matter of right to a trial by jury. (Civ. Prac. Act, § 430.) In this case both parties were originally entitled to a jury trial as a matter of right. If this section stood alone, in the Civil Practice Act, it might be interpreted as still preserving a trial court's discretion to order framed issues for trial by jury, because, when the cause came on for trial, both parties had waived their right to a jury trial, and then stood in the position of not being entitled to a jury trial.

But section 428 of the Civil Practice Act, as recently amended (Laws of 1934, chap. 496), makes it mandatory upon the court to decide issues of fact, where the parties have waived a trial by jury. Even before the amendment, there was strong intimation to that effect. (*Minkin* v. *Buchler*, 232 App. Div. 452; *Matter of*

*Island Improvements, Inc.*, 231 id. 837.) The trial court, in such a case, no longer has discretion whether to undertake the trial of the issues of fact, or to send the case to a jury. No longer is the rule in effect that in cases " other than to recover damages for breach of a contract," the waiver of the jury trial by the parties is of no avail, unless the court assents thereto.

The court, as a trier of facts, cannot delegate its duty to a jury, except as provided by the forms of law. No such provisions being in the law, the framing of special issues, at this stage of the controversy, for trial by jury, without the consent of the parties, would be delegating the duty of decision to a tribunal not authorized by law to dispose of the controversy. The court has no more power to order a jury trial without the consent of the parties than to order the issues to be tried by a committee of lawyers, a committee of business men, or arbitrators.

The duty of decision remaining, I find the evidence evenly balanced. The rule is that, where the plaintiff has not succeeded in fairly and reasonably convincing the trier of the facts of the truth of his cause, or where he has left the trier of the facts in such doubt as to be unable to decide the controversy, he has not sustained his cause by a fair preponderance of the evidence. Under such circumstances the verdict must be for defendants.

Judgment accordingly.