S. KLEIN, INC., Plaintiff, *v.* NEW DEAL BUILDING CORP. and Others, Defendants.

Supreme Court, Special Term, Kings County, July 7, 1939.

*Rosenberg & Rosenberg*, for the plaintiff.

*A. M. Dreyer*, for the defendants New Deal Building Corp., Jacob Schneider and Max Goodkind.

FROESSEL, J. In an action by the plaintiff to foreclose a mechanic's lien, three of the defendants interposed an answer containing separate defenses and a counterclaim for money damages. These defendants now move to frame the issues raised by the counterclaim and for a jury trial thereof.

This motion is resisted by the plaintiff upon the ground that a jury trial has been waived by virtue of the provisions of section 45 of the Lien Law, as amended by section 3 of chapter 515 of the Laws of 1929, which amendment added the following language to said section: " and in case a counterclaim is set forth by any defendant in his answer, such defendant shall be deemed to have waived a trial by jury of the issues raised thereby."

The moving parties contend that this amendment is unconstitutional, and the question does not seem to have been passed upon in the reported cases. They maintain that at common law they are entitled to a jury trial as a matter of right, which right was

preserved by the Constitution of the State of New York (Art. 1, § 2) and by the Civil Practice Act (§ 425, subd. 1).

It is true that it has frequently been held that where a legal counterclaim is interposed in an equitable action it is triable by a jury as a matter of right. (*Di Menna* v. *Cooper & Evans Co.*, 220 N. Y. 391, 396; *Mackellar* v. *Rogers*, 109 id. 468, 472; *Matter of Blair*, 242 App. Div. 689; 9 Carmody's N. Y. Practice, § 796.) This is not a constitutional right, however, for at common law a counterclaim in an equitable action was unknown, and, therefore, the issues raised thereby are not within the constitutional provisions. (*Manhattan Life Ins. Co.* v. *Hammerstein Opera Co.*, 184 App. Div. 440, 442.) It is merely a right granted by statute. (Civ. Prac. Act, §§ 424, 425, 429; *Mackellar* v. *Rogers, supra; Maag* v. *Maag Gear Co.*, 193 App. Div. 759.)

Since, therefore, the right has been granted by the Legislature, it is elementary that the right may be taken away. I hold that the aforesaid amendment to section 45 of the Lien Law effects that result and the amendment is clearly constitutional. It is of no significance that the Legislature has placed this waiver in the Lien Law rather than in section 426 of the Civil Practice Act, except that their unmistakable purpose in doing so was to confine it to actions embraced within the purview of said section.

The methods of waiving a jury trial, as set forth in section 426 of the Civil Practice Act, are not exclusive. It has repeatedly been held that a party may also waive a jury trial by his conduct, his silence and other methods. (*Lavisch* v. *Schwartz*, 235 App. Div. 18.)

The defendant still has the constitutional right of trial by jury in an independent action in which the complaint demands judgment for a sum of money only, but, if he wishes to interpose his claim as a counterclaim in an equitable action, by his own election and under the statute he waives his right to trial by jury; and it has been held that under section 428 of the Civil Practice Act it becomes mandatory upon the court to try the case without a jury. (*Tobin* v. *Shwitzer*, 162 Misc. 747.)

Accordingly, the motion must be denied.