429 So.2d 69 (1983)
FLAGSHIP NATIONAL BANK OF MIAMI, Petitioner,
v.
The Honorable Thomas A. TESTA, Gray Distribution Systems, Inc., GDS, Inc., Gray Tobacco Company, Inc., Samuel Gray and Marilyn Gray, Respondents.
No. 83-11.
District Court of Appeal of Florida, Third District.
April 5, 1983.
Therrel, Baisden, Stanton, Wood & Setlin and Julian R. Benjamin, Miami Beach, for petitioner.
Thomas J. McLaughlin, Miami, for Judge Thomas A. Testa.
Greenfield & DuVal and Harvie DuVal, North Miami, for remaining respondents.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and FERGUSON, JJ.
SCHWARTZ, Chief Judge.
Pursuant to the agreement of the parties, the lower court, sitting non-jury, conducted a full two-day trial on the issue of whether a previous settlement agreement should be set aside. After receiving extensive post-trial memoranda, however, the trial judge sua sponte entered an order declining to rule on the matter and requiring instead *70 that it be determined by a jury in a separate, subsequent trial. One of the parties[1] has filed this petition for a writ of mandamus which seeks essentially that the trial court be directed itself to resolve the controversy. We grant the writ.
It is a legal shibboleth  and, uncommonly, an accurate one  that while a judge may not be told ahead of time how to rule, mandamus lies to require that he rule one way or the other, if there is no justification that the ruling be withheld. In re Grossmayer, 177 U.S. 48, 20 S.Ct. 535, 44 L.Ed. 665 (1900); Steccone v. Morse-Starrett Products Co., 191 F.2d 197 (9th Cir.1951), and cases collected at note 5; 52 Am.Jur.2d Mandamus §§ 342, 344 (1970); 49 C.J.S. Judgments § 101 (1947); see Department of Business Regulation v. Hyman, 417 So.2d 671, 673 (Fla. 1982); City of Miami v. Southeast First National Bank of Miami, 320 So.2d 836 (Fla. 3d DCA 1975), cert. denied, 333 So.2d 465 (Fla. 1976). As is said generally in 35 Fla.Jur.2d Mandamus and Prohibition § 81 (1982):
If a lower court, without sufficient reason, neglects or refuses to act on a matter within its jurisdiction, properly brought before it, mandamus will issue at the instance of one entitled to invoke the remedy, to compel it to assume jurisdiction and proceed to a determination of the cause, unless the aggrieved party has an adequate remedy by appeal. [footnotes omitted]
This principle applies here.
The trial judge apparently based his abstention on the ground that he thought it preferable that a jury resolve the somewhat sensitive matters[2] which were involved in the issue he had tried. This provides no lawful basis for the court's failure to rule. It seems clear  and we have discovered no contrary decision  that a trial court has no authority or discretion to order a jury trial, on its own motion, after an agreed to non-jury trial has been completed.[3]Tobin v. Shwitzer, 162 Misc. 747, 295 N.Y.S. 590 (Bronx City Ct. 1934); Annot., Authority of State Court to Order Jury Trial In Civil Case Where Jury Has Been Waived Or Not Demanded By Parties, 9 A.L.R. 4th 1041, 1049-51 (1981). It thus remains the duty of the lower court now to render its decision upon the subject of the trial. See State ex rel. Locke v. Sandler, 156 Fla. 136, 23 So.2d 276, 278 (1945); State ex rel. Palmer v. Atkinson, 116 Fla. 366, 156 So. 726, 728 (1934) ("It is the duty of a circuit judge who is eligible and competent to sit in a cause, to exercise his judicial functions therein, and to make all necessary orders and decrees pertaining thereto, regardless of his personal embarrassment, or his feelings of delicacy or other considerations, where same do not amount to a legal disqualification to sit and render judgment in the cause.").
We therefore order that the respondent judge enter, with all deliberate speed, an order or judgment on the issues raised by Count VI of the counterclaim as presented at the non-jury trial conducted on March 25, 1982 and May 20, 1982.
Mandamus granted.
NOTES
[1] The other side has stated no real objection to the petition.
[2] It was alleged that a previous attorney for the respondents had, during his representation, secured loans from the petitioner bank.
[3] The rule may be different if the court acts before trial and if the parties have not themselves expressly waived a jury. See Shores v. Murphy, 88 So.2d 294 (Fla. 1956); Bardee Corp. v. Arnold Altex Aluminum Co., 134 So.2d 268 (Fla. 3d DCA 1961); cases collected, Annot., infra, 9 A.L.R. 4th at 1069-72.