528 So.2d 1300 (1988)
Juan Jose QUINTANA, Petitioner,
v.
The Honorable Frederick N. BARAD, Judge of the Circuit Court of the Eleventh Judicial Circuit, in and for Dade County, Florida, Respondent.
No. 88-871.
District Court of Appeal of Florida, Third District.
August 2, 1988.
Goodman & Hochman, P.A., Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, P.A., and Joel D. Eaton, Miami, for petitioner.
Robert A. Ginsburg, Co. Atty., and Roy S. Wood, Asst. Co. Atty., for respondent.
Before NESBITT, BASKIN and FERGUSON, JJ.
PER CURIAM.
By petition for writ of mandamus, Jose Quintana seeks an order directing respondent, *1301 the Honorable Frederick N. Barad, to rule upon petitioner's motion and enter a final judgment pursuant to the parties' stipulation. We grant petitioner's writ.
Petitioner filed an action against Yolanda Fontaine Martinez, as trustee for Sphinx Enterprises, Inc., [Martinez] to recover damages for personal injuries he sustained when he was shot by a Sphinx employee and rendered a paraplegic. Martinez furnished a copy of the summons and complaint to Atlantic Insurance Consultants Corporation [Atlantic] who, as authorized representative of Investors Insurance Company of America [Investors], a New Jersey corporation, had issued her liability insurance policy. Atlantic notified Gabor & Company, Investors' general agent in Florida. Investors did not defend the action and a clerk's default was entered against Martinez. Petitioner and Martinez executed a settlement agreement in which Martinez stipulated to the entry of an adverse final judgment.[1] After receiving petitioner's motion to enter final judgment in accordance with the agreement, the trial court ordered petitioner to provide Investors, a non-party,[2] notice of the hearing on the Motion to Enter Final Judgment and an opportunity to appear and contest the default and the agreement. Contending that the trial court has no lawful basis for refusing to rule, petitioner filed this petition requesting that the trial court be directed to rule on the motion.
Where a trial court's refusal to rule has no lawful basis, mandamus is the appropriate remedy. Calhoun v. Christie, 510 So.2d 1000 (Fla. 3d DCA 1987); Villas at Cutler Ridge Homeowners' Ass'n, Inc. v. Newman, 498 So.2d 579 (Fla. 3d DCA 1986) ("mandamus is the proper remedy to compel a trial court to exercise its judicial authority and decide a cause, where there is no valid reason to reserve ruling on the matter"); Flagship Nat'l Bank of Miami v. Testa, 429 So.2d 69, 70 (Fla. 3d DCA 1983) ("mandamus lies to require that [the judge] rule one way or the other if there is no justification that the ruling be withheld.").
Here, the trial judge ordered petitioner to furnish notice to a non-party before he would rule on a stipulated motion.[3] The trial judge cited no authority requiring notice to the insurer prior to the entry of a judgment in accordance with the settlement *1302 agreement.[4]Cf. Picchi v. Barnett Bank of S. Fla., 521 So.2d 1090 (Fla. 1988) (notice of hearing to party on motion for default following filing notice of appearance is unnecessary). Because there is no lawful basis for the trial court's refusal to rule, we order the trial court to render a decision on petitioner's motion.[5]
Mandamus granted.
NOTES
[1] This type of agreement, first recognized in Coblentz v. American Surety Co. of New York, 416 F.2d 1059 (5th Cir.1969), is valid in Florida. See Shook v. Allstate Ins. Co., 498 So.2d 498 (Fla. 4th DCA 1986), review denied, 508 So.2d 13 (Fla. 1987); Florida Ins. Guaranty Ass'n v. Giordano, 485 So.2d 453 (Fla. 3d DCA 1986); Steil v. Florida Physicians' Ins. Reciprocal, 448 So.2d 589 (Fla. 2d DCA 1984). Subsequent to entry of the agreement, the injured party must bring an action against the insurer and prove coverage, wrongful refusal to defend, and that the settlement was reasonable and made in good faith. See Shook; Steil.
[2] Section 627.7262(1), Florida Statutes (1987), provides:

Nonjoinder of insurers. 
(1) It shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract that such person shall first obtain a judgment against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.
See VanBibber v. Hartford Accident & Indem. Ins. Co., 439 So.2d 880 (Fla. 1983); Universal Sec. Ins. Co. v. Spreadbury, 524 So.2d 1167 (Fla. 2d DCA 1988) (§ 627.7262 shields insurer from joinder in action maintained by third party even where insurer fails to comply with disclosure requirements in § 627.7264); Cincinnati Ins. Co. v. Moffett, 513 So.2d 1345 (Fla. 1st DCA 1987) (same).
[3] Petitioner offered the insurance agent's deposition and a transmittal letter in support of his contention that the insurer's agent had notice of the cause of action and failed to defend the insured. Thus, the insurer had an opportunity "to evaluate its rights and liability, ... to make a timely investigation, and to prevent fraud and imposition on it." Hartford Accident & Indem. Co. v. Mills, 171 So.2d 190, 195 (Fla. 1st DCA), cert. denied, 179 So.2d 346 (Fla. 1965); see Alabama Farm Bureau Mut. Cas. Ins. Co. v. Harris, 197 So.2d 567 (Fla. 3d DCA 1967).
[4] We note that where the Florida Patient's Compensation Fund is concerned, a person filing a claim against a covered health provider must name the Fund as a defendant in the suit. § 768.54(3)(f)(1), Fla. Stat. (1987). In that situation, the legislature expressly set forth provisions mandating the Fund's approval of certain settlements. § 768.54(3)(f)(2). That is not the case here.
[5] Petitioner also requests that this court order the trial judge to enter the stipulated final judgment. We decline to do so. See Newman, 498 So.2d at 579 ("although we do not, and indeed cannot, preordain what result the trial court must reach, we direct the trial court ... to rule upon petitioner's motion"); Testa, 429 So.2d at 70 ("It is a legal shibboleth  and, uncommonly an accurate one  that while a judge may not be told ahead of time how to rule, mandamus lies to require that he rule one way or the other, if there is no justification that the ruling be withheld."). We are confident that on remand, the trial court will approve the agreement and enter a consent judgment unless it, determines that "there is (1) failure of the agreement to satisfy required elements for a contract, (2) illegality, (3) fraud, (4) duress, (5) undue influence, or (6) mistake." Lotspeich Co. v. Neogard Corp., 416 So.2d 1163, 1165 (Fla. 3d DCA 1982).