SCHWARTZ, Chief Judge
(dissenting).
Upon the entry of judgment in his favor in this wrongful death medical malpractice action, the defendant, now-respondent Dr. Geraldi moved to tax attorney’s fees in his favor under the then applicable provisions of section 768.56, Florida Statutes (1980). The motion was by agreement held in abeyance until the judgment was affirmed in Maler ex rel. Maler v. Geraldi, 502 So.2d 973 (Fla. 3d DCA 1987), pet. for review denied, 513 So.2d 1062 (Fla.1987). Thereafter, the motion was heard by the respondent trial judge, with the plaintiffs taking the position that the motion should be denied pursuant to the statutory provision that “attorney’s fees shall not be awarded against a party who is insolvent or poverty-stricken.” § 768.56(1), Fla.Stat. (1980). As I understand the record, Dr. Geraldi did not deny that this was the case either when the motion was submitted for a decision or at the present time. He did argue that no ruling whatever should be made on the motion until after the determination of a companion “protective” action which arose out of the same incident, which was then, and is still pending against other defendants, Baptist Hospital, Inc. and Dr. David Gair. See Maler ex rel. Maler v. Baptist Hosp., Inc., 532 So.2d 79 (Fla. 3d DCA 1988). The basis of this contention was the theory that if Maler recovered a judgment in that case, he would no longer be “poverty-stricken and insolvent,” § 768.56(1), Fla. Stat., so that Dr. Geraldi’s motion for fees could then be granted. In the order now in issue, the trial judge agreed with this position and reserved ruling on the attorney’s fees motion pending the disposition of the plaintiffs’ other lawsuit. In my view the failure to rule on this ground was insupportable as a matter of law.
It is well settled that a trial judge is bound to rule, one way or the other, on every motion — and specifically motions for attorney’s fees or costs like this one — within a reasonable period of time after final judgment. Finkelstein v. North Broward Hosp. Dist., 484 So.2d 1241 (Fla.1986); Roberts v. Askew, 260 So.2d 492 (Fla.1972); Chipóla Nurseries, Inc. v. Division of Admin., State Dep’t of Transp., 335 So.2d 617 (Fla. 1st DCA 1976). The determination of reasonableness under this rule must be based upon some cognizable, judicially reviewable conclusion. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). In this instance, I do not believe that it is “reasonable” to postpone a decision as to one’s indigency in the hope that he may later come into money so that his then-existing pecuniary condition will be changed for the better. In this key respect, I can see no difference between an obviously impermissible wait for a wealthy relative to expire and, as here, for the conclusion of a related piece of litigation. I simply know of no authority, and none is cited, to support the proposition that one’s financial condition should ever be determined as of anytime other than when the issue is presented to the trial court. We have repeatedly held
that while a judge may not be told ahead of time how to rule, mandamus lies to require that he rule one way or the other, if there is no justification that the ruling be withheld.
Flagship Nat’l Bank v. Testa, 429 So.2d 69, 70 (Fla. 3d DCA 1983); accord Quintana v. Barad, 528 So.2d 1300 (Fla. 3d DCA 1988); Calhoun v. Christie, 510 So.2d 1000 *687 (Fla. 3d DCA 1987); Villas at Cutler Ridge Homeowners’ Ass’n, Inc. v. Newman, 498 So.2d 579 (Fla. 3d DCA 1986). Since I cannot agree that a potential improvement in a party’s financial condition constitutes a legitimate “justification that the ruling be withheld,” Flagship Nat’l Bank v. Testa, 429 So.2d at 70, I would grant the application for mandamus and require a ruling on the pending motion based upon plaintiffs’ present economic status.[1]

. I agree that this determination should include a reasonable evaluation of the plaintiffs’ unliq-uidated claim in the pending case. Thus, I differ with the lower court and the majority here only as to the date upon which the plaintiffs’ economic status should be determined.