PER CURIAM.
Lifecare International, Inc., petitions under Rule 9.100(d), Florida Rules of Appellate Procedure, for review of the trial court’s order on Lifecare’s motion to unseal the court file in a civil action pending below. We grant the petition.
In 1987 Brent Surgical, Inc., filed a civil action against Cordis Corporation and TPL-Cordis, Inc., in the trial court. In 1988 the parties entered into an agreed protective order which established a procedure by which each party could designate as “confidential information” such information as it produced in discovery which the party deemed in good faith to constitute a trade secret, or to constitute certain specified categories of confidential or proprietary information which the party would not ordinarily disclose to persons other than its corporate personnel or affiliates. Information so designated was to be held in confidential status by the parties to the litigation. If such information were filed with the court, it was to be filed under seal. If a party disputed the proper classification of the information as confidential, it could apply to the court to lift the confidentiality restriction. The agreed protective order was entered January 26, 1988.
Later in the litigation, Brent orally moved to seal the entire court file as a matter of convenience to the parties, so that the parties would not need to file specified materials under seal with the court. On August 18, 1988 the trial court entered an order reciting that upon agreement of the parties, the entire court file was sealed.
Petitioner Lifecare is the plaintiff in separate litigation against Cordis and Cordis International Corporation in the United States District Court for the Southern District of Florida. Beginning in November, 1990 Lifecare sought access to documents in the action below. In December, 1990 Lifecare moved to unseal the court file pursuant to Barron v. Florida Freedom Newspapers, Inc., 531 So.2d 113 (Fla.1988). Cordis and TPL-Cordis opposed the motion, arguing that it should either be denied outright or alternatively, that it should not be *1046 granted until the parties were given an opportunity to review the file, said to be voluminous, in order to identify those individual documents which should be sealed because they contain trade secrets or other protectable commercial or proprietary information.
The trial court heard argument on December 28, 1990. The court determined that one of the parties had not received proper notice of the hearing and that the matter would have to be renoticed. The court also stated that it would not consider Lifecare’s motion for two months, and set a hearing date for February 21, 1991. The purpose of delaying the hearing was to postpone all action on the motion until after trial of the case. The trial court also denied Lifecare’s request that the trial court at a minimum review, and unseal, the order sealing the court file.
Lifecare has petitioned for review of the trial court’s order under Rule 9.100(d), Florida Rules of Appellate Procedure. Cordis initially objects that there has been no trial court order excluding access to judicial records. According to Cordis, the trial court’s deferral of ruling for two months does not amount to a denial of access to judicial records. Cordis therefore requests that this court dismiss the petition for want of a reviewable order.
On that point, Cordis’ position is without merit. By refusing to rule on the motion to unseal the file for two months, the trial court has plainly denied access to the file for that period of time. The intent of both Rule 9.100(d) and the Barron decision is to assure prompt access to judicial records and proceedings. In furtherance of that objective, the Rule expressly allows review of oral, as well as written, orders, and provides for expedited proceedings. We conclude that the trial court’s order is reviewable under Rule 9.100(d).[1]
Turning to the merits, we conclude that the trial court’s order must be quashed. First, at this court’s direction Cordis has filed the agreed protective order entered January 26, 1988 and the stipulation pertinent thereto, as well as the agreed order requiring clerk to seal court file, dated August 18, 1988. Those documents contain no confidential information and no party has asserted that there is a basis to maintain those documents under seal. We direct that they be provided to Lifecare forthwith and that the clerk unseal those documents.
Second, prior to August 18, 1988, all documents filed in the court file were open and accessible to the public, unless specifically filed under seal pursuant to the January 26, 1988 order. The effect of the August 18, 1988 order was to seal documents which had previously been in the public domain. We see no reason why the documents which were in the public domain prior to August 18, 1988 should not be returned to the public domain at this time.
Accordingly, the court file for the period prior to August 18, 1988 is to be unsealed with respect to those documents which were filed in the public record and were open and accessible to the public. This portion of our order does not apply to documents filed in sealed envelopes, or otherwise under seal, prior to August 18, 1988. The latter documents shall continue to be held under seal by the clerk pending (a) an order of the circuit court to unseal, or (b) voluntary unsealing by agreement of the parties.
Third, Lifecare is entitled to a prompt hearing on its motion with respect to disclosure of the balance of the court file. At that time the trial court should ascertain the extent to which there are bona fide assertions that privileged or confidential matters are contained in the court file. Most of the respondents here have sug *1047 gested that the amount of protectable material is small.[2]
The trial court’s December determination to defer ruling was prompted by the entirely understandable desire not to impose on the parties the burden to review the court file at a time when pretrial preparations were under way. If at the hearing the judge determines that the parties need to have an opportunity to review all or part of the post-August 18, 1988 portion of the court file prior to making a final determination on the motion to unseal, then the trial court has the discretion to establish an appropriate and workable timetable that will not interfere with counsels’ trial responsibilities and may defer counsels’ review of the file until the conclusion of trial. By the same token, the hearing may reveal that portions of the post-August 18, 1988 court file do not require such review. As Lifecare is entitled to a ruling on the motion, we direct that the court conduct a prompt hearing thereon.
Order quashed; remanded with directions.

. We treat the petition as one which falls within the terms of Rule 9.100(d). In the absence of that Rule, the petition could be entertained as an application for writ of mandamus. See Quintana v. Barad, 528 So.2d 1300 (Fla. 3d DCA 1988); Villas at Cutler Ridge Homeowners’ Ass'n, Inc. v. Newman, 498 So.2d 579 (Fla. 3d DCA 1986); Flagship Nat'l Bank v. Testa, 429 So.2d 69 (Fla. 3d DCA 1983).

. The submissions here include a response from the party as to whom the trial court found proper notice had not been given.