COBB, Judge.
On April 20, 1992, Mason filed a petition for writ of mandamus seeking to compel the Circuit Court to rule on a proceeding which has been pending since October, 1991. The proceeding involved the Department of Corrections. For the reasons stated below we grant the petition and issue the writ.
On June 2, 1992, the state filed a response indicating that the Circuit Court recently filed an order directing the Department to show cause within thirty days why the relief requested should not be granted. With the expectation that a decision below would be forthcoming so as to render the instant petition moot, this court directed the state to file a status report. On July 9, 1992, the state reported that the Department failed to respond to the Circuit Court’s order. Thus, the Circuit Court still has not ruled on the matter.
Mandamus lies to compel a trial court to rule on a motion or petition after a reasonable time. Matthews v. Circuit Court, 515 So.2d 1065 (Fla. 5th DCA 1987); Davis v. Twentieth Judicial Circuit Court, Lee County, 491 So.2d 1232 (Fla. 2d DCA 1986); McBride v. State, 443 So.2d 416 (Fla. 4th DCA 1984). Here, the court has not ruled apparently because of the Department’s failure to respond to the Circuit Court’s order to show cause.
Mandamus is the proper remedy to compel a court to exercise its discretion and decide a cause, where there is no valid reason to reserve ruling on the matter. Villas at Cutler Ridge Homeowners’ Ass’n, Inc. v. Newman, 498 So.2d 579 (Fla. 3d DCA 1986); see also Flagship Nat. Bank of Miami v. Testa, 429 So.2d 69 (Fla. 3d DCA 1983) (mandamus lies to require court to rule one way or the other, if there is no justification that ruling be withheld). Under the circumstance of this case, the Department’s failure to respond to the order to show cause is not a valid reason for the Circuit Court not to rule on the matter. The Circuit Court has at its disposal a number of measures to compel the Department to comply with its order to respond, so that it may timely dispose of the case. Accordingly, we grant the petition, issue the writ and direct the Circuit Court to rule on the proceeding below within thirty days.
PETITION GRANTED; WRIT ISSUED.
W. SHARP and COWART, JJ., concur.