BROWNING, J.
Christian W. Gombert, the former husband, appeals the trial court’s order sealing a psychological evaluation report and prohibiting distribution of a copy of the report to him and to Sherry G. Gombert, the former wife, in their dissolution of marriage proceeding.[1] Appellant contends that the lower tribunal misapplied Florida Rule of Judicial Administration 2.051(c)(9)(A)(v)-(vi) and reversibly erred by denying the parties access to this court record. We conclude that the cited rule is inapplicable to the parties and that, by summarily denying them access to the report, the trial court abused its discretion. We reverse the order and remand with directions that the trial court provide both parties, through counsel, with a copy of Dr. Krop’s psychological evaluation report.
Mrs. Gombert filed a June 1996 petition for dissolution of marriage, to which Mr. Gombert responded with motions for a psychological evaluation to assist the trial court in determining a suitable custodial arrangement for the parties’ younger child, Christy, who was then- 4-1/2 years old.[2] After an August 1996 hearing, the trial court granted Mr. Gombert’s amended motion and ordered that (at the former husband’s expense) Harry Krop, Ph.D., perform necessary psychological evaluations of the parties and (if deemed necessary) of either or both of the parties’ children. The court ordered the original report to be filed with the court, with copies to be furnished to the parties’ attorneys.
The statute governing such reports states:
61.20 Social investigation and recommendations when child custody is in issue.—
(1) In any action where the custody of a minor child is in issue, the court may order a social investigation and study concerning all pertinent details relating to the child and each parent when such investigation has not been done and the study therefrom provided to the court by the parties or when the court determines that the investigation and study that have been done are insufficient. The agency, staff, or person conducting the investigation and study ordered by the court pursuant to this section shall jumish the court and all parties of record in the proceeding a written study containing recommendations, including a written statement of facts found in the social investigation on which the recommendations are based. The court may consider the information contained in the study in making a decision on the child’s custody and the technical rules of evidence do not exclude the study from consideration.
§ 61.20(1), Fla. Stat. (1995) (emphasis added); see also Fla. R. Civ. P. 1.360 (“Examination of Persons”).
Prior to Dr. Krop’s submitting his report, the parties entered a marital settlement agreement resolving all issues relating to the dissolution action. The marital settlement agreement provided for alternating primary residency for Christy^ Their agreement expressly required that, notwithstanding settlement of the case, the psychological evaluation report be completed and copies of it and any work product be furnished to the parties ■ through counsel.
The marital settlement agreement was incorporated into the March 1997 final judgment of dissolution of marriage, including the parties’ agreement to rotate child custody. Dr. Krop performed a psychological custody evaluation of Christy and both parents and prepared a report. On May 20,1997, without formal notice to the parties or an evidentiary hearing, the trial court sua sponte issued an order sealing Dr. Krop’s report “until further order.” The order contains no factual findings. Mr. Gombert filed a motion for rehearing and reconsideration, which stated in pertinent part:
*357 If the Court was desirous of protecting the minor child of the parties from the public having access to these judicial records, the Court should have entered a seal order precluding anyone but the parties or their attorneys from reviewing the records; however, this was not done.
* * * * * *
Harry Krop, Ph.D. accepted and undertook his duties pursuant to the subject Order, part of which required him to submit copies to the attorneys for each party. It is apparent that during the evaluation process, Harry Krop, Ph.D., became aware of certain information which he considered to be so sensitive as to cause him to recommend to the Court that the psychological evaluation report be sealed not only from the public, but from the parties.
Any such information which caused Harry Krop, Ph.D. to make his recommendation to seal the files must relate to the minor child, the Former Husband or the Former Wife. Needless to say, it would be detrimental to the best interests of the child to have information concerning the minor child kept from her parents or information about either parent kept from the other parent, in that without such information, neither parent can effectively fulfill their [sic] respective parental duties. No information concerning a minor child can be kept from the child’s parents.
The motion was denied. As a result of the order, the parties have been denied access to Dr. Krop’s report without any explanation.
Whether to grant or deny a motion to order a psychological evaluation is a discretionary act of the trial court that can be overturned on appeal only if no judge reasonably could have issued the challenged ruling. Gordon v. Smith, 615 So.2d 843 (Fla. 4th DCA 1993). By analogy, the decision to seal a psychological evaluation should be subject to an “abuse of discretion” standard of review as well.
At the onset, we acknowledge the general rule that “[t]he judiciary has the inherent power and duty to maintain its records and to determine the manner of access to those records.” Times Publishing Co. v. Ake, 645 So.2d 1003, 1004 (Fla. 2d DCA 1994), approved, 660 So.2d 255 (Fla.1995). “The supreme court has exercised that power by enacting Florida Rule of Judicial Administration 2.051, which governs public access to the records of the judicial branch ¡and its agencies.” Id. at 1004. In effect, Rule 2.051 has incorporated judicial decisions establishing that although confidentiality may be required to protect the rights of litigants, or third parties, a finding of confidentiality must be based on proper guidelines and safeguards. See, e.g., Barron v. Florida Freedom Newspapers, Inc., 531 So.2d 113 (Fla.1988) (in suit filed by press, supreme court approved district court’s decision finding no lawful basis for sealing portion of state legislator’s court file in dissolution of marriage proceeding, and directing trial court to open file); Leonard v. Leonard, 673 So.2d 97 (Fla. 1st DCA 1996) (where no evidence was presented that wife was involved in calamitous event during pendency of divorce and custody proceedings that might make her mental health vital to proper determination of permanent custody, husband and independent examiner were not entitled to invade psychiatrist-patient privilege by taking depositions and examining records of mental health professionals who had treated wife and her son); Lifecare International, Inc. v. Barad, 573 So.2d 1044 (Fla. 3d DCA 1991) (absent any reason for keeping documents under seal, documents filed in pending civil action containing no confidential information had to be provided to third-party petitioner, who was plaintiff in separate litigation against same defendants); State ex rel. Pensacola News-Journal, Inc. v. Fleet, 388 So.2d 1106 (Fla. 1st DCA 1980) (absent any showing that proper guidelines were applied or that an evidentiary basis existed for closing pretrial hearing on motion to suppress allegedly illegally obtained confession, order excluding public and press, over a defense objection, was reversed).
To support sealing its order, the lower court cited Rule 2.051(9)(A)(v)-(vi).[3] This rule states in pertinent part:
*358 Rule 2.051 Public Access to Judicial Records
(a) Generally. Subject to the rulemak-ing power of the Florida Supreme Court provided by article V, section 2, Florida Constitution, the following rule shall govern public access to the records of the judicial branch of government and its agencies. The public shall have access to all records of the judicial branch of government and its agencies, except as provided below.
[[Image here]]
(c) Exemptions. The following records of the judicial branch and its agencies shall be confidential.
Hi H« H< ‡ #
(9) Any court record determined to be confidential in case decision or court rule on the grounds that
(A) confidentiality is required to
(i) prevent a serious and imminent threat to the fair, impartial, and orderly administration of justice;
(ii) protect trade secrets;
(iii) protect a compelling governmental interest;
(iv) obtain evidence to determine legal issues in a case;
(v) avoid substantial injury to innocent third parties;
(vi) avoid substantial injury to a party by disclosure of matters protected by a common law or privacy right not generally inherent in the specific type of proceeding sought to be closed;
(vii) comply with established public policy set forth in the Florida or United States Constitution or statutes or Florida rules or case law;
(B) the degree, duration, and manner of confidentiality ordered by the court shall be no broader than necessary to protect the interests set forth in subdivision'(A); and
(C) no less restrictive measures are available to protect the interests set forth in subdivision (A); and
(D)except as provided by law or rule of court, reasonable notice shall be given to the public of any order closing any court record.
(Emphasis added). The rule sets out which records are to be made public and enumerates those “exemptions” or exceptions that “shall be confidential.”
Appellant asserts that Rule 2.051, which expressly governs “public access to judicial records,” does not apply to the instant facts because the parents aré the parties who originally requested the psychological evaluation and report, they are the sole parties in the dissolution action that gave rise to the need for the report, and they are not “the public.” We agree that, under these circumstances, the rule does not apply to the report. Furthermore, neither of the two subsections of the rule cited in the sealing order applies. As to subsection (c)(9)(A)(v), no finding was made by the court regarding “substantial injury to innocent third parties” or to anyone else, for that matter. Subsection (c)(9)(A)(vi) provides for confidentiality of a court record where confidentiality is necessary to “avoid substantial injury to a party by disclosure of matters protected by a common law or privacy right not generally inherent in the specific type of proceeding sought to be closed.” The “not generally inherent” language “limits the scope of the exception to those matters that are peripheral to the litigation.” Carnegie v. Tedder, 698 So.2d 1310, 1312 (Fla. 2d DCA 1997) (civil proceeding would not be closed to general public on grounds that statements made in defendant’s counterclaim were defamatory and damaging to plaintiff, where matters alleged in counterclaim were not peripheral to plaintiffs lawsuit alleging malicious prosecution and extortion). Under this subsection, the exemption providing for confidentiality pertains to peripheral matters. In contrast, matters relating to a child custody determination are “generally inherent” in a dissolution of marriage proceeding. Therefore, this subsection of the rule is inapplicable here.
Mr. Gombert asked for a psychological evaluation to assist the trial court in resolv *359 ing the issue of child custody. After a hearing, the trial court granted Appellant’s, motion and ordered Dr. Krop to perform the psychological evaluation(s). The original order required the psychological evaluation report to be furnished to the parties through their lawyers. In their marital settlement agreement, which the trial court incorporated into the final divorce decree, Mr. and Mrs. Gombert specifically required a psychological evaluation to be completed and copies thereof to be furnished to them through their attorneys. Even if we were to assume that the cited rule provisions applied to the present facts, clearly by stipulating that the evaluation should be completed and copies of the report be provided to them through counsel, the parties have waived any grounds that might have supported sealing the order from them.[4] This case is distinguishable from instances in which valid reasons appear in the record to prevent disclosure of certain psychological or psychiatric or other confidential matters.
Appellant has acknowledged obiter dicta in Florida case law addressing chapter 39, Florida Statutes (governing children), which suggest that in very narrow circumstances, Rule 2.051 might be used as a protective measure to prevent a parent from obtaining certain judicial records where disclosure of sealed materials might put the child at risk. T.T. v. State, 689 So.2d 1209, 1211 (Fla. 3d DCA 1997) (father and minor had right to obtain, at father’s expense, copy of court file and requested transcripts from juvenile delinquency proceeding against minor, pursuant .to juvenile statute granting access without regard to question of relevancy, especially when case did not involve particularized finding of need to withhold portions of records or transcripts to protect minor from harm). As an example of an appropriate reason for sealing a record or withholding some portion of the court record from a parent, the Third District Court in T.T. mentioned “where the child is at risk of child abuse or child kidnapping and records must be sealed to prevent disclosure of the child’s location.” Id. The record before us demonstrates no such type or degree of harm, nor did the trial court make any findings to suggest such danger. “[T]he overriding concern in custody litigation between parents is ... the child’s welfare.” Kern v. Kern, 333 So.2d 17, 20 (Fla.1976). In the instant proceedings, the trial court never made a particularized finding that withholding Dr. Krop’s report from the parents who requested it is necessary to protect the minor child from harm or is otherwise in the child’s best interest.
Accordingly, we REVERSE the order and REMAND with instructions that Dr. Krop’s report be provided to the parents, through their attorneys.
ALLEN and WEBSTER, JJ., CONCUR.

. We have jurisdiction over this direct appeal pursuant to this court’s order treating the appeal as from a final order modifying final judgment of dissolution of marriage. Appellant provided notice that he has abandoned his appeal of other orders sealing other records.

. Custody was not an issue for the parties’ older child, Tammy, who attained majority during the pendency of the dissolution proceedings.

. The order omitted reference to subsection (c), but it is obvious from a reading of the rule that *358 the trial court was referring to subsections (c)(9)(A)(v)-(vi) of Rule 2.051.

. The former wife did not file an answer brief.