962 So.2d 941 (2007)
Maikel PEREZ, Petitioner,
v.
ONE OF the JUDGES OF The ELEVENTH JUDICIAL CIRCUIT COURT; State of Florida, Respondent.
No. 3D07-1383.
District Court of Appeal of Florida, Third District.
July 18, 2007.
Rehearing Denied August 23, 2007.
*942 Maikel Perez, in proper person.
Bill McCollum, Attorney General, for respondent.
Before RAMIREZ, SHEPHERD, and CORTIÑAS, JJ.
PER CURIAM.
Maikel Perez petitions this Court for a writ of mandamus seeking to compel the circuit court to rule on his motion to set case for re-sentencing hearing following an order modifying his original sentence to remove his classification as a habitual offender. We deny the petition.
The circuit court denied Perez's second motion to correct an illegal sentence and modified his original sentence only with regards to his classification as a habitual offender. On or about March 14, 2007, Perez filed a motion to set the case for resentencing. The trial court has not yet ruled on the motion and it forms the subject of the petition now under review.
Perez contends that more than a reasonable amount of time has elapsed since he filed his motion for resentencing without disposition. Furthermore, he contends that the circuit court's unreasonable delay in scheduling the resentencing is a violation of his right to due process. Perez relies on Mason v. Circuit Court, Fifth Judicial Circuit, 603 So.2d 94, 95 (Fla. 5th DCA 1992), where the Fifth District granted a petition for writ of mandamus based upon a ruling which was pending for six months.
The circumstances in this case, however, do not merit the issuance of a writ of mandamus. As the Fifth District stated in Johnson v. State, 938 So.2d 639, 640 (Fla. 5th DCA 2006), the interest against meddling in the docketing schedule of the trial court and the interest in affording due process to a defendant must be weighed in a court's determination of whether or not to issue a writ of mandamus. Any delay in the removal of Perez's classification as a habitual offender does not constitute a due process violation because the resentencing will not change the duration of Perez's sentence. Furthermore, Perez's motion is only two months old and he has not yet allowed the court a reasonable time to rule.
We thus afford the circuit court deference to manage its own docket. Therefore, we deny the petition for writ of mandamus.
Petition denied.