994 So.2d 1129 (2008)
Shaniah ROLLE, a minor by and through her natural parent and guardian, Queen Seriah Azulla DABRIO, and Queen Seriah Azulla Dabrio, Individually, Petitioners,
v.
Gary A. BIRKEN, M.D., et al., Respondents.
No. 3D07-2579.
District Court of Appeal of Florida, Third District.
January 9, 2008.
*1130 Sheldon J. Schlesinger and Scott M. Newmark, Fort Lauderdale; Burlington & Rockenbach and Philip M. Burlington, West Palm Beach; Michael B. Solomon, North Miami, for petitioners.
Abadin, Jaramillo, Cook, Heffernan & Martinez and Kimberly A. Cook; Miami Dade County Attorney's Office and Eric K. Gressman; Sean A. Moughan, Fort Lauderdale; Stephens, Lynn, Klein, Lacava, Hoffman and Puya and Roberta G. Mandel, Miami and Jonathon P. Lynn, Fort Lauderdale; Kubicki Draper and Daniel Draper, Miami; Bunnell, Woulfe, Kirschbaum, Keller, McIntyre & Gregorie and Richard T. Woulfe, Fort Lauderdale, for respondents.
Before CORTIÑAS and LAGOA, JJ., and SCHWARTZ, Senior Judge.
PER CURIAM.
Petitioners seek a writ of mandamus to compel the trial court to set this case for trial. The parties do not dispute that the case is "at issue," as contemplated by Florida Rule of Civil Procedure 1.440, and that several notices for trial informed the court of such. Nevertheless, the trial court has refused to set a trial date because discovery is not yet completed and because internal court procedures presumably do not allow a case to be set for trial in the back-up division, where longer trials such as this one are tried, without the completion of a certificate of readiness for trial by all parties. We have jurisdiction, grant the petition and issue the writ.
Once a case is procedurally at issue and upon the filing of a proper notice for trial, the court must act upon the notice within a reasonable time and give the parties a trial date. Fla. R. Civ. P. 1.440(a); Garcia v. Lincare Inc., 906 So.2d 1268, 1269 (Fla. 5th DCA 2005); Ivans v. Greenbaum, 613 So.2d 130 (Fla. 3d DCA 1993); Kubera v. Fisher, 483 So.2d 836, 838 (Fla. 2d DCA 1986). Accordingly, the application for writ of mandamus is granted. See id. Internal operating procedures of the court must give way to the rules of procedure promulgated by the Florida Supreme Court.
The trial judge is directed forthwith to set this case for trial on a date no more than one-hundred and twenty days from this date, and thereafter to proceed to a *1131 conclusion of the case in the ordinary course.
Mandamus granted.