RAMIREZ, J.
 

 SR Acquisitions — Florida, LLC petitions for mandamus, requesting this Court direct the trial court to enter an order setting a foreclosure sale and deny any further requests for postponements of the date. We grant the petition in part, and direct that the trial court: 1) rule on the pending motion for relief from the order setting a foreclosure sale date; and 2) rule on the motion to vacate default judgment against San Remo Homes at Florida City, LLC.
 

 This is a dispute over sale of property that was owned, and mortgaged, by the respondent, San Remo Homes at Florida City, LLC. San Remo, which is owned by three members, owned real property in Miami-Dade County, upon which it intended to construct and sell homes. The property was not developed, and making payments on the property’s mortgage soon became difficult. Two of the members, Merici and Starmac, infused capital on multiple occasions to keep the mortgage current and avoid default. The third member, Dinuro Investments, LLC, did not make additional capital payments.
 

 Merici and Starmac determined to restructure the debt and arrange for another entity, SR Acquisitions, to take over the property. Dinuro was offered, but did not accept, the opportunity to participate in SR Acquisitions. Merici and Starmac, who had established SR Acquisitions, used that entity to buy the loan from the bank. Merici and Starmac, as members of San Remo, also caused San Remo to default on the mortgage. After the default, SR Acquisitions sued for foreclosure of the loan. San Remo did not defend the resulting foreclosure action, because according to the majority members there were no meritorious defenses.
 

 Because San Remo did not defend the lawsuit, a judgment of foreclosure resulted. Dinuro contends SR Acquisitions and its principals violated fiduciary duties and other legal requirements and essentially froze Dinuro out of San Remo and Dinu-ro’s interest in the property. Dinuro contends the establishment of SR Acquisitions, SR Acquisitions’ actions, and SR Acquisitions’ objective, demonstrate the entire transaction is illegitimate and cannot go forward.
 

 Dinuro filed a separate suit for breaches of legal duties, and in this suit, Dinuro attempted to file a derivative answer on behalf of San Remo, asserted counterclaims against its partners, and alleged claims against the bank and the principals of Merici and Starmac. In addition, Dinu-ro filed, but later withdrew, a motion to intervene in this suit. Lastly, and most relevant to the pending petition, Dinuro moved the trial court for an order vacating the foreclosure judgment and canceling the foreclosure sale. The trial judge refused to halt the foreclosure sale. This case was subsequently transferred to another trial judge.
 

 After transfer of the case, Dinuro moved for reconsideration of the predecessor judge’s entry of final judgment against San Remo. In connection with reconsideration of the judgment, the foreclosure sale was postponed and reset for a specific
 
 *638
 
 later date. On the eve of the second rescheduled foreclosure sale, Dinuro again moved to vacate the foreclosure judgment and cancel the foreclosure sale. Dinuro still had not intervened in the case. The new trial judge agreed to postpone the foreclosure sale, pending a ruling on Dinu-ro’s motion for relief from the judgment entered against San Remo. At present, there is no date certain set for the foreclosure sale, which has been postponed twice.
 

 As a result of these procedural maneuvers, although San Remo is the respondent in this case, the party against whom relief will lie, if SR Acquisitions prevails, is Dinuro. Dinuro is not party to this case, and has no pending motion to intervene in this case. Thus, at present the current trial judge has postponed the sale indefinitely pending its ruling on Dinuro’s new motion regarding the foreclosure judgment.
 

 “It is well settled that mandamus will lie where the petitioner has a clear legal right to the performance of the particular duty sought and that he has no other legal method for obtaining relief.”
 
 Caldwell v. Estate of McDowell,
 
 507 So.2d 607, 608 (Fla,1987). Thus, “[mjandamus is the proper remedy to compel a court to exercise its discretion and decide a cause, where there is no valid reason to reserve ruling on the matter.”
 
 Mason v. Cir. Ct., Fifth Judicial Cir.,
 
 603 So.2d 94, 95 (Fla. 5th DCA 1992);
 
 see also Smith v. Lambdin,
 
 971 So.2d 209, 210 (Fla. 4th DCA 2007). This Court’s jurisdiction includes issuance of writs of mandamus. Art. V, § 4(b)(3), Fla. Const.; Fla. R.App. P. 9.030(b)(3). A writ of mandamus from this Court directs the trial court to take action, but does not decide the merits.
 
 See Moody v. Moody,
 
 705 So.2d 708, 708 (Fla. 1st DCA 1998).
 

 A trial court has broad discretion to manage its docket, but must do so within the confines of governing statutes and rules of procedure.
 
 See Phoenix Holding, LLC v. Martinez,
 
 27 So.3d 791, 793 (Fla. 3d DCA 2010);
 
 Rolle v. Birken,
 
 994 So.2d 1129, 1130 (Fla. 3d. DCA 2008) (granting mandamus to ensure compliance with the requirements of the Florida Rules of Civil Procedure as to the setting of a trial date);
 
 accord Flagship Nat’l Bank of Miami v. Testa,,
 
 429 So.2d 69, 70 (Fla. 3d DCA 1983) (granting mandamus to require the trial judge to enter judgment after a non-jury trial to which the parties had agreed);
 
 see also Republic Fed. Bank, N.A. v. Doyle,
 
 19 So.3d 1053, 1054 (Fla. 3d DCA 2009). Under Florida Rule of Civil Procedure 1.540, only parties or their representatives have standing to seek relief from judgment.
 
 See
 
 Fla. R. Civ. P. 1.540(b) (providing that the court may relieve
 
 “a party,
 
 or a party’s
 
 legal representative
 
 ” from a judgment, decree, or order) (emphasis added). A non party with no interest in the case cannot challenge a judgment.
 
 See Salomon v. Taylor,
 
 50 Fla. 608, 30 So. 48 (Fla.1905);
 
 Jaffer v. Miami Beach Redev. Agency,
 
 392 So.2d 1305 (Fla.1980) (denying appellate relief to a non party). Although parties are not automatically entitled to entry of a stipulated judgment, if a trial court delays ruling upon a party’s request for entry of a stipulated judgment, mandamus can be used to direct the trial court to rule on the request.
 
 See
 
 Fla. R. Civ. P. 1.500(b) (providing that the court may enter default judgment against a party who fails to plead or defend an action);
 
 Quintana v. Barad, 528
 
 So.2d 1300, 1301 (Fla. 3d DCA 1988).
 

 In this case, SR Acquisitions is entitled to mandamus because it has a clear legal right to have the trial court rule on the pending motion, and no other relief can address a non party’s improper interference with the case’s progress. By withholding its ruling, the trial court has allowed a non party, Dinuro, to stall the sale,
 
 *639
 
 even though Dinuro has no direct interest in the case and no standing upon which to seek relief from judgment. Dinuro is neither one of the parties to the case, since only SR Acquisitions and San Remo are parties, nor a party’s representative, as Dinuro was outvoted by its co-members and cannot act on behalf of San Remo.
 
 [1]
 

 Consequently, we direct the trial court to rule on the motion to vacate the foreclosure judgment, and the concomitant issue of when any sale is to occur, as there is no legal basis upon which the trial court has withheld ruling.
 

 Mandamus granted.
 

 [1]
 

 . Under Florida law, unless the agreement provides otherwise, a majority of the managers can vote for the LLC to take action.
 
 See
 
 § 608.422(2)(b), 4(b), Fla. Stat. (2010). Dinu-ro concedes it was outvoted as to the decision that led to foreclosure.