# Third District Court of Appeal

**State of Florida**

Opinion filed September 17, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1871
Lower Tribunal No. 12-25457
_____

**Michael Duggins,**

Petitioner/ Cross-Respondent,

vs.

**The State of Florida,**

Respondent/ Cross-Petitioner.


A Case of Original Jurisdiction - Mandamus

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for petitioner/ cross-respondent.

Pamela Jo Bondi, Attorney General, and Marlon J. Weiss, Assistant Attorney General, for respondent/ cross-petitioner.


Before SUAREZ, EMAS, and LOGUE, JJ.

LOGUE, J.

This case comes before us in the unusual posture in which both the defendant, Michael Duggins, and the State petition for mandamus to require the trial court to rule on Duggins's pending motions to suppress. We grant Duggins's petition.

Duggins was charged in November 2012 with aggravated assault and possession of a firearm by a convicted felon. He filed two separate motions to suppress physical evidence. The trial court conducted an evidentiary hearing on the motions on June 23, 2014. During the hearing, Duggins's counsel advised the court that Duggins has been incarcerated for over 600 days awaiting trial. At the conclusion of the hearing, the court indicated that it would issue an order ruling on the motions after the testimony was transcribed. The transcript was filed on July 16, 2014, on which date the court advised the parties that its order on the suppression motions would be issued by August 20, 2014.

On July 28, 2014, after the suppression hearing had been fully concluded and the hearing transcript filed, but before the court had issued its rulings on the motions, Duggins filed a demand for a speedy trial. In response, the trial court immediately entered an order declining to rule on the pending motions concluding that Duggins, by demanding a speedy trial, constructively abandoned them. The trial court set the trial to commence on August 5, 2014, leaving the motions to suppress unresolved. These proceedings followed.

"Where a trial court's refusal to rule has no lawful basis, mandamus is the appropriate remedy." Quintana v. Barad, 528 So. 2d 1300, 1301 (Fla. 3d DCA 1988); see also SR Acquisitions-Florida City, LLC v. San Remo Homes at Florida City, LLC, 78 So. 3d 636, 638 (Fla. 3d DCA 2011) ("[M]andamus is the proper remedy to compel a court to exercise its discretion and decide a cause, where there is no valid reason to reserve ruling on the matter.") (citation omitted); Flagship Nat'l Bank of Miami v. Testa, 429 So. 2d 69, 70 (Fla. 3d DCA 1983) ("[W]hile a judge may not be told ahead of time how to rule, mandamus lies to require that he rule one way or the other, if there is no justification that the ruling be withheld.").

Here, the trial court's refusal to rule had no lawful basis. Both the motion to suppress and the demand for speedy trial are vehicles to secure a defendant's constitutional rights. The motion to suppress sounds in the constitutional right to be free from "unreasonable searches and seizures." U.S. Const. amend. IV & XIV; Fla. Const. art. 1, §12. The demand for a speedy trial sounds in the constitutional right to a "speedy and public trial." U.S. Const. amend. VI & XIV; Fla. Const. art. 1, §16(a). A person does not ordinarily abandon the right to seek suppression of evidence unlawfully seized merely by demanding a speedy trial.

Indeed, the Florida Supreme Court has made clear that a speedy trial demand can be compatible with a pending motion to suppress. State v. Embry, 322 So. 2d 515, 518 (Fla. 1975) ("[T]he mere filing of a motion to suppress is not

3

tantamount to a finding of law that the speedy trial demander does not have a bona fide desire to obtain trial, that he is not prepared and will not be prepared for trial."); see also Williams v. State, 548 So. 2d 898, 899 (Fla. 4th DCA 1989) (holding a trial court erred in determining that a motion to suppress was waived by a speedy trial demand).

Nor are we persuaded by the trial court's justification for its action. The trial court explained that "the defendant who files a speedy trial demand says that he is ready for trial now; that nothing remains to be done prior to the inception of trial; that all conditions prevenient to the commencement of trial have been satisfied." In the first place, this argument overlooks the fact that nothing remained for Duggins to do regarding the pending motions to suppress. The motions were timely filed; a full evidentiary hearing had been conducted; the transcript had, at the court's request, been ordered and received; and all that remained was for the trial court to issue rulings on the motions.

In fact, the trial court had time to issue its rulings on the schedule it had established and still set trial to commence within the time required under Florida Rule of Criminal Procedure 3.191. The filing of a demand for speedy trial under rule 3.191(g) requires the trial court to hold a calendar call within five days of the demand, and to schedule the trial no sooner than five days nor later than forty-five days from the date of the hearing. See Fla. R. Crim. P. 3.191(b). In the instant case,

4

Duggins filed his demand on July 28th. Under the rule, if the court held a calendar call the very same day the demand was filed, it could have set the trial as early as August 4th and as late as September 11th (the later of which would have been more than three weeks after the August 20th date on which the court anticipated issuing its rulings on the pending motions to suppress). Instead of setting the case for trial in late August or early September (which would have been within the forty-five-day window but after the anticipated ruling date of August 20th), the trial court chose to set the trial for August 5th, a mere six business days following the date of the filing of the demand.

Both Florida Rule of Criminal Procedure 3.190(g), governing motions to suppress, and rule 3.191, governing demands for speedy trial, provide the trial courts leeway, within specified limits, to deal with timing issues that may arise in regards to these matters. For example, the remedy for a defendant who files a spurious speedy trial demand is to strike the demand (rather than deeming a pending motion to suppress abandoned). See Fla. R. Crim. P. 3.191(g) ("A demand filed by an accused who has not diligently investigated the case or is not timely prepared for trial shall be stricken as invalid on motion of the prosecuting attorney."). Further, the trial court may order an extension of the speedy trial time periods either upon stipulation of the parties or, under the proper circumstances, upon the court's own discretion. See Fla. R. Crim. P. 3.191(i) & (l). The rules, read

5

together, cannot be reconciled with the proposition that a party automatically abandons a pending motion to suppress, for which a hearing has already been conducted, and which only awaits a ruling by the court, merely by filing a demand for speedy trial.

In conclusion, because the trial court's refusal to rule had no lawful basis, we quash the trial court's order, lift the stay, and direct the trial court to rule on the merits of the pending motions to suppress. We deny the State's petition as moot. Because we are confident that the trial court will comply with the letter and spirit of this decision, we withhold formal issuance of the writ of mandamus.