938 So.2d 639 (2006)
JONETTE JOHNSON, Petitioner,
v.
STATE OF FLORIDA, Respondent.
Case No. 5D06-1089.
District Court of Appeal of Florida, Fifth District.
Opinion filed October 6, 2006.
Jonette Johnson, Riverview, Pro Se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Kellie A. Nielan, Assistant Attorney General, Daytona Beach, for Respondent.
PER CURIAMd.
Jonette Johnson filed a petition for writ of mandamus, seeking to compel the circuit court of the Ninth Judicial Circuit to rule on her motion for postconviction relief filed on July 29, 2005. In response to our order to show cause, the State advised this Court that on April 25, 2006, the circuit court ordered it to respond to Johnson's rule 3.850 motion within thirty days. The State urged that because "the circuit court is aware of the pending motion, the petition for writ of mandamus should be denied." We declined the State's invitation to dismiss the matter, and, instead directed the State to file a status report regarding the postconviction proceedings on or before June 26, 2006. In compliance therewith, the State notified this Court that on June 15, 2006, the trial court determined that Johnson was entitled to an evidentiary hearing on one of her postconviction claims, although that order did not set the hearing. This Court ordered yet another status report on the matter, and the State now advises that the evidentiary hearing was to be held on September 9, 2006, some thirteen months after the initial postconviction motion was filed.[1] We should note that we do not have enough of the record below to determine which judge or judges have been assigned to this case since the filing of the postconviction motion. The currently assigned judge first appears in our record on April 25, 2006.
Mandamus lies to compel a trial court to rule on a motion or petition after a reasonable time. Matthews v. Circuit Court, 515 So. 2d 1065 (Fla. 5th DCA 1987). While we are loath to interfere with a trial judge's management of his or her docket, we are concerned that the failure to rule on Johnson's motion impairs her rights of access to the courts and due process. Due to the delay in considering the postconviction motion, Johnson was required to seek relief from this Court, resulting in the issuance of four orders to determine the status of the proceedings below (and hopefully hasten consideration of the matter). This matter has also consumed the limited resources available to the Office of Attorney General, which was required to respond to each of the orders issued by this Court. We recognize that the circuit court has an enormous case load, but we also believe that an unreasonable delay has ensued in the consideration of Johnson's postconviction motion.
Accordingly, we direct the judge to whom this matter is assigned to rule on Johnson's 3.850 motion within thirty days following receipt of this order.
PETITION GRANTED; WRIT ISSUED.
PLEUS, C.J., GRIFFIN and ORFINGER, JJ., concur.
NOTES
[1] Although the State's status report indicates that an evidentiary hearing is to be held on September 9, 2006, the trial court's order provided to us by the State actually sets the matter for a "status hearing." It is unclear if the status hearing is intended to be the evidentiary hearing.