988 So.2d 1239 (2008)
Robert J. AUMILLER, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D08-1818.
District Court of Appeal of Florida, Fifth District.
August 22, 2008.
Robert J. Aumiller, Blountstown, Pro Se.
Bill McCollum, Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Respondent.
PER CURIAM.
Robert Aumiller filed a petition for writ of mandamus, seeking to compel the Circuit Court of the Ninth Judicial Circuit to rule on his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, on April 28, 2007. In May 2008, the State, after failing to respond to the circuit court's order to file a response on or before April 24, 2008, sought a 120-day extension, which the circuit court granted. The Attorney General now urges that this Court dismiss the petition for writ of mandamus because "the circuit court is aware of the pending motion." We decline to do so.
Mandamus lies to compel a trial court to rule on a motion or petition after a reasonable time. Matthews v. Circuit Court, 515 So.2d 1065 (Fla. 5th DCA 1987). "While we are loath to interfere with a trial judge's management of his or her docket, we are concerned that the failure to rule" on Aumiller's motion impairs his right of access to the courts and due process. Johnson v. State, 938 So.2d 639, 640 (Fla. 5th DCA 2006). We recognize that the circuit court has an enormous caseload, but we also believe that an unreasonable *1240 delay has ensued in the consideration of Aumiller's postconviction motion.
Accordingly, we direct the judge to whom this matter is assigned to rule on Aumiller's rule 3.850 motion within thirty days following the receipt of this order. If an evidentiary hearing is required, an additional sixty days will be allowed to conduct that hearing.
PETITION GRANTED; WRIT ISSUED.
ORFINGER and TORPY, JJ., concur.
LAWSON, J., dissents, with opinion.
LAWSON, J., dissenting.
I respectfully dissent. The defendant in this case violated a probationary split sentence of 12 years in prison, followed by 10 years of probation by committing new crimes for which he was also convicted. At the violation of probation ("VOP") hearing in this case, the defendant admitted the probationary violations and was sentenced to 17 years in prison. The defendant then filed his rule 3.850 motion, alleging that his plea agreement required that he receive credit for 12 full years of incarceration, without any forfeiture of gain time. In responding to this motion, the State asserted that the CD recording of defendant's VOP plea proceeding fully refuted the allegations in defendant's rule 3.850 motion, but that the State could not provide the written transcripts necessary for the court to rule on the motion because the official court reporters in the Ninth Circuit are severely backlogged due to the current budget crisis affecting the entire court system. The Ninth Circuit is apparently unable to employ a sufficient number of court reporters and has no funds to pay for overtime work. Under these circumstances, the trial judge has no option but to wait for the transcripts. While I agree with the majority that the length of the delay in this case presents serious concerns regarding due process and access to courts, I cannot agree to issue a writ of mandamus commanding a trial judge to act when the real problem lies with an under-funded court system and when, in this case, there appears to be no prejudice to the defendant (since it does not appear that the defendant would be entitled to release anytime soon even if he were granted the relief sought by his 3.850 motion).