992 So.2d 303 (2008)
Frankie E. RANDLE, Petitioner,
v.
The STATE of Florida, Respondent.
No. 3D08-219.
District Court of Appeal of Florida, Third District.
September 24, 2008.
*304 Frankie E. Randle, in proper person.
Bill McCollum, Attorney General, and Richard L. Polin, Assistant Attorney General, for respondent.
Before WELLS, ROTHENBERG and SALTER, JJ.
WELLS, Judge.
The defendant seeks a petition for writ of mandamus, compelling the lower court to hold a hearing and to rule on his post-conviction motion filed on or about January 8, 2007. We grant the petition and issue the writ. See Fletcher v. State, 973 So.2d 666 (Fla. 3d DCA 2008) (granting a petition for writ of mandamus where the lower court had not heard or ruled on a post-conviction motion for nineteen months); Johnson v. State, 938 So.2d 639, 640 (Fla. 5th DCA 2006) ("Mandamus lies to compel a trial court to rule on a motion or petition after a reasonable time.").
The defendant filed a post-conviction motion under Florida Rule of Criminal Procedure 3.850 on or about January 8, 2007. After the trial court set and re-set the motion for a hearing numerous times over the following months, the defendant filed his first petition for writ of mandamus in this court on October 11, 2007, to compel the lower court to rule on his motion. However, upon the State's representation that the motion was set for a hearing on November 26, 2007, the petition was denied as moot. The matter was not heard in November 2007, but was re-set yet again. The defendant then filed this second petition for writ of mandamus in this court on January 28, 2008. Pursuant to orders of this court, the State has filed status reports advising that the motion has been re-set for hearing at least four more times. Currently, the motion is set for hearing on October 28, 2008.
While we understand that the delay in ruling on this motion may be attributed to issues relating to a police officer involved in this matter and not to any lack of diligence on the trial court's part, the defendant should not be prejudiced by the failure to resolve these issues.
The petition for writ of mandamus is therefore granted. The trial court shall hear and rule upon defendant's post-conviction motion at the October 28, 2008 hearing, and provide this court with a copy of the order thereon.
Petition granted; writ issued.