IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JOHN C. HORNER,

      Petitioner,

 v.                               Case No.  5D17-3400

STATE OF FLORIDA,

      Respondent.

_____/

Opinion filed February 2, 2018

Petition for Writ of
Mandamus, Jon B. Morgan,
Respondent Judge.

John C. Horner, Bristol, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Nora Hutchinson Hall,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

     John C. Horner filed a petition for writ of mandamus, seeking to compel the circuit

court of the Ninth Judicial Circuit, Osceola County, to rule on his Florida Rule of Criminal

Procedure 3.850 motion for postconviction relief.  Horner's timely motion was provided to

prison officials for mailing on December 29, 2015. Four weeks later, Horner amended

ground one of his motion. On October 25, 2016, the circuit court entered an order directing

the State to show cause within sixty days why Horner was not entitled to relief on his motion or to "otherwise [frame the] issues in the event that a hearing on the motion is warranted." On March 30, 2017, the State filed its response,[1] arguing that Horner's motion should be summarily denied.

On July 13, 2017, Horner filed a "motion to expedite ruling," requesting that the circuit court adjudicate his rule 3.850 motion within thirty days and advising that if the court failed to do so, he would seek mandamus relief. Having received no ruling on his motion, on October 30, 2017, Horner filed the instant petition for writ of mandamus with this court, requesting that this court issue an order compelling the circuit court to rule on his pending motion for postconviction relief. On November 1, 2017, this court entered an order directing the State and the circuit judge assigned to the case to respond by December 18, 2017. On the last day to respond, the State filed a motion for an extension of time to respond "due to scheduling conflict." We granted the request and entered a separate order directing that a response to the petition now be filed by January 17, 2018. On January 16, 2018, the State moved for a second extension of time based on an unelaborated scheduling conflict.[2]

"Mandamus lies to compel a trial court to rule on a motion or petition within a reasonable time." *Diaz v. State*, 1 So. 3d 337, 338 (Fla. 5th DCA 2009); *accord Johnson v. State*, 938 So. 2d 639, 640 (Fla. 5th DCA 2006); *Matthews v. Circuit Ct.*, 515 So. 2d 1065 (Fla. 5th DCA 1987). As his rule 3.850 motion has now been pending for over two

_____

[1] We have no present explanation why the State's response was filed 155 days after the order instead of sixty days.

[2] We have separately entered an order denying this motion.

2

years, Horner has clearly established an unreasonable delay in obtaining a ruling on his motion. *See Barroso v. State*, 19 So. 3d 441 (Fla. 5th DCA 2009). While we are sympathetic to the large caseloads assigned to Florida's circuit judges,[3] we are concerned that the present failure to rule on Horner's motion is unduly impairing his right of access to the courts.

Accordingly, due to the length of the delay, we direct that the circuit judge to whom this matter is assigned enter a final order on Horner's rule 3.850 motion within forty-five days following the issuance of this opinion.

PETITION GRANTED; WRIT ISSUED.


SAWAYA, ORFINGER, and LAMBERT, JJ., concur.

---

[3] The three judges assigned to this mandamus proceeding were, at one time, circuit judges who presided over felony dockets, including postconviction motions.