712 So.2d 1211 (1998)
AMERICAN RELIANCE INSURANCE COMPANY, Appellant,
v.
Rodney PEREZ, a minor, By and Through his mother, natural guardian and next friend Stella PEREZ, and Stella Perez, individually, and Christopher Brown, a minor, By and Through his mother, natural guardian and next friend, Bernice Brown, and Bernice Brown, individually, Appellees.
No. 96-1096.
District Court of Appeal of Florida, Third District.
June 24, 1998.
*1212 Adorno & Zeder and Raoul G. Cantero, Coconut Grove, for appellant.
Hoppe, Backmeyer & Stokes, Miami; Arnold R. Ginsberg, Miami, for appellees.
Before COPE, GODERICH[1] and GREEN, JJ.
COPE, Judge.
American Reliance Insurance Company appeals a partial summary judgment holding that it is required to provide homeowners insurance coverage to its insured, Stella Perez. We conclude that the order was erroneously entered and reverse.
The homeowner's son, Rodney Perez, brought a firearm to high school and shot a fellow student, Christopher Brown. Brown and his mother filed a lawsuit against the Perezes, seeking damages for Christopher Brown's personal injuries. The complaint pled claims for battery (Count I) and negligence (Count II) against Rodney Perez. It also alleged a negligence claim against Stella Perez, contending in essence that she had failed to supervise her son.
American Reliance undertook to defend the lawsuit on the Perezes' behalf but did so under a reservation of rights as to coverage. Thereafter, the insurer instituted a declaratory judgment action against the Browns and the Perezes seeking a declaration that there was no coverage because of the insurance policy's intentional acts exclusion.
Without the consent of American Reliance, the Perezes entered into a settlement with the Browns. The Perezes agreed to a $200,000 consent judgment against them and assigned to the Browns all of their rights against American Reliance. Stella Perez and Rodney Perez both stipulated that they had been negligent. In return, the Browns agreed not to execute against the Perezes and agreed to seek recovery exclusively against American Reliance.
Relying on the Perezes' stipulation that they had been negligent, the Browns moved for a partial summary judgment establishing coverage under the American Reliance policy. American Reliance moved for summary judgment on the theory that the Perezes had materially breached the insurance policy by entering into the settlement without American Reliance's consent. The trial court entered partial summary judgment on coverage in favor of the Browns, and American Reliance has appealed.[2]
We conclude that the summary judgment was improvidently entered in favor of the Browns, and that American Reliance is entitled to judgment in its favor. As stated in First American Title Insurance Co. v. National Union Fire Insurance Co., 695 So.2d 475 (Fla. 3d DCA 1997):
[W]hile an insured is free to enter into a reasonable settlement when its insurer has wrongfully refused to provide it with a defense to a suit, we find that the insured is not similarly free to independently engage in such settlements where, as here, *1213 the insurer had not declined a defense to suit. Consequently, we agree with the trial court that the insured's failure to comply with the relevant policy provisions relieved the insurer of its obligations under the policy and precluded this action against the carrier as a matter of law.
Id. at 477. In First American Title, the insurance policy directed the insured not to "`admit liability for or settle a claim ... without the written consent of the [insurer].'" Id. at 476.
The Perezes and the Browns argue that the American Reliance policy does not contain language prohibiting settlement without the insurer's consent. It is true that the present policy is worded differently, but we think the substance is the same. The homeowners policy provided:
3. Duties After Loss. In case of an accident or occurrence, the insured will perform the following duties that apply. You will help us by seeing that these duties are performed:
. . . .
c. at our request, help us:
(1) to make settlement;
. . . .
(3) with the conduct of suits and attend hearings and trials;
(4) to secure and give evidence and obtain the attendance of witnesses;
e. the insured will not except at the insured's own cost, voluntarily make payment, assume obligation or incur expense other than for first aid to others at the time of the bodily injury.

(Emphasis added). It has been held that this language requires the insured to obtain the insurer's consent before settling. See United Nat'l Ins. Co. v. Jacobs, 754 F.Supp. 865, 870 (M.D.Fla.1990).
The order under review is reversed and the cause remanded with directions to enter judgment in favor of American Reliance.
Reversed and remanded.
NOTES
[1] Judge Goderich did not participate in oral argument.
[2] The appeal is cognizable under Canal Insurance Co. v. Reed, 666 So.2d 888 (Fla.1996); see also Fla. R.App. P. 9.110(n) (effective January 1, 1997).