HARRIS, J.
A vehicle driven by Keefe collided with a mobile home owned by Gerber. Prudential insured Keefe. Prudential obtained a release from Gerber for “all bodily injury resulting from the accident” for $1,000. Gerber thereafter sued Keefe for negligence and he raised as a defense the release previously given by Gerber.
During the pendency of this action, Gerber sued Prudential claiming that Prudential violated section 626.9521, Florida Statutes, in obtaining the release and violated section 825.102, Florida Statutes, by exploiting the elderly. Gerber moved for discovery of Prudential’s files relating to the accident as well as certain internal *572 files. Prudential claimed these files to be privileged but the court ordered disclosure. Prudential moved to stay the independent action against it until the negligence action against Keefe is resolved so that the validity of the release will have first been determined. The trial court refused and Prudential seeks certiorari review.
Prudential claims that the independent action against it is in the nature of a bad faith action which, in ■ effect, alleges that the release is a product of fraud and overreaching. It urges that this issue should be raised in the Keefe action and cites the supreme court’s decision in Blanchard v. State Farm Mutual Automobile Insurance Company, 575 So.2d 1289 (Fla.1991), that bad faith claims do not accrue until the liability claim is decided. This is because, the court reasons, that if there is no liability, there could have been no bad faith in refusing to settle.
But while this complaint alleges bad faith, it is not a bad faith claim in the sense that Blanchard was considering. Here, it is the alleged conduct in obtaining the release which is the wrong being addressed, not wrongfully refusing to settle a previous action. Suppose Prudential’s agents held a gun to the injured’s head to obtain the release. Would this conduct be excusable if it later turned out that no release was necessary? While we agree that a determination of whether the release was obtained improperly is important in the Keefe action, it is not essential. It is possible that Keefe might win on the merits without the 'release. But even if Keefe proves no liability in the negligence action, still the alleged tortious conduct in obtaining the release remains viable and, we believe, independent.
Certiorari denied.
W. SHARP, and PETERSON, JJ„ concur.