

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-2-2002

# Catanese v. Vance

Precedential or Non-Precedential:

Docket No. 00-2176

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Catanese v. Vance" (2002). *2002 Decisions.* Paper 237.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/237

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 00-2176


RALPH CATANESE; MICHAEL MACDONALD

Appellants
v.

ROBERT T. VANCE, ESQ.; VANCE, JACKSON, SIMPSON & OVERTON;
VANCE, JACKSON, SIMPSON & VANCE-LEWIS;
JACKSON, SIMPSON & OVERTON; WILLIAM BOLAND


Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 95-cv-03862)
District Judge: Honorable Anne E. Thompson


Submitted Under Third Circuit LAR 34.1(a)
January 15, 2002

Before: ALITO and ROTH, Circuit Judges
SCHWARZER*, District Judge

(Opinion filed April 2, 2002 )


* Honorable William W Schwarzer, Senior District Judge for the Northern District
of California, sitting by designation.


OPINION


ROTH, Circuit Judge:
     Appellants Ralph Catanese and Michael MacDonald appeal from the June 20, 2000,
Order of the United States District Court for the District of New Jersey.  The Order denied
the appellants' summary judgment motion and ordered that appellee Coregis Insurance
Company be relieved of any liability under the March 31, 1998, Consent Judgment, entered
into by appellants and Coregis's insured, Robert T. Vance.
     Appellants were originally involved as the plaintiffs in a malpractice suit against
Vance.  Vance was relieved of any liability for malpractice in the Consent Judgment.
However, though he was relieved of liability, he attempted to bind his insurance company,
Coregis, to a $675,000 settlement with the appellants.
     When appellants attempted to enforce the Consent Judgment, the District Court held
that Coregis is not bound by the Consent Judgment because Vance violated the Cooperation
Clause of his insurance agreement and Coregis did not fail to defend or abandon the defense
of Vance.  We review the factual findings of the District Court for clear error.  See

Fed.Rules Civ.Proc. rule 52(a), 28 U.S.C.A.  We have jurisdiction to hear the appeal pursuant to 28 U.S.C.  1291.

The District Court found that Vance breached his duty to adhere to the Cooperation Clause of his insurance policy with Coregis.  An insured on his own cannot compromise or settle a claim without the risk of losing coverage under an insurance policy.  See Griggs v. Bertram, 443 A.2d 163, 169 (N.J. 1982).  The rationale behind this requirement is the insurer's "paramount right to control the case." Id. Failure to cooperate with the insurer frustrates this purpose.  The District Court found that Vance breached the Cooperation Clause by failing to notify his insurer of appellants' claim until more than six months after receiving the amended complaint and by failing to get Coregis's approval before entering and finalizing the Consent Judgment.  Indeed, the insurance policy requires Vance to provide notice of claims to Coregis and to obtain Coregis' approval prior to settling any claims.  The District Court, therefore, did not commit clear error in concluding that Vance breached the Cooperation Clause.

Appellants also contend that Coregis abandoned its defense of Vance and, as such, that Vance was not required to comply with the Cooperation Clause.  The District Court found that Coregis did not abandon its defense of Vance.  When an insurer has not "wrongfully refused to provide . . . a defense to a suit," it retains control over settlement negotiating processes.  American Reliance Ins. Co. v. Perez, 712 So.2d 1211, 1212-1213 (Fla. Dist. Ct. App. 1998).  Unless an insurer clearly indicates its unwillingness to defend a suit, "the insured is justified in believing the insurer is vigorously exercising their right in a manner which will fully protect the insured's interest under the policy."  Griggs, 443 A.2d at 170.  The District Court found that the Coregis promptly responded to Vance's requests for defense counsel and in no way repudiated its right to control Vance's defense.  This determination was not clearly erroneous.  Furthermore, Coregis clearly was prejudiced by exclusion from the settlement process as it did not have an opportunity to present a defense.

By concluding that Coregis did not abandon its defense of Vance and that Vance breached his duty to cooperate, we need not reach Coregis's argument that the appellants' remedy would be limited to compensatory damages under Article Nine of the Uniform Commercial Code.

For the aforementioned reasons, we will affirm the Order of the District Court.


TO THE CLERK:

Please file the foregoing Opinion.



By the Court,



/S/ Jane R/ Roth
Circuit Judge