938 So.2d 607 (2006)
MERCURY INSURANCE COMPANY OF FLORIDA, Appellant,
v.
PHILIP B. MARKHAM and MICHAEL W. ROBERTS, Appellees.
Case No. 1D05-2078.
District Court of Appeal of Florida, First District.
Opinion filed October 3, 2006.
Kathy J. Maus of Butler Pappas Weihmuller Katz Craig LLP, Tallahassee; Anthony J. Russo of Butler Pappas Weihmuller Katz Craig LLP, Tampa, Attorneys for Appellant.
T. Bradley McRae of McRae & McRae, Lake City; Louis K. Rosenbloum, Pensacola, Attorneys for Appellee Philip B. Markham.
Thomas T. Demas, Lake City, Attorney for Appellee Michael W. Roberts.
THOMAS, J.
This case requires us to determine whether the appealed partial summary judgment determining insurance coverage is a final order under rule 9.110(m), Florida Rules of Appellate Procedure (2005), and Canal Insurance Company v. Reed, 666 So. 2d 888 (Fla. 1996), where there is no unresolved underlying personal injury action between the insured and the injured party. We hold that rule 9.110(m) does not create jurisdiction to consider this appeal, and we dismiss the appeal.
This case arose after Appellee Philip Markham suffered an injury when a truck, owned and insured by Appellee Michael Roberts but driven by someone else, hit Markham in a parking lot. Markham brought a claim against both the driver and Roberts. Roberts filed a claim with his insurer, Mercury Insurance Company; Mercury rescinded Roberts' policy and denied the claim due to Roberts' alleged material misrepresentation that his truck had not been modified or altered. After Markham and Roberts settled their personal injury claim in excess of the policy limits, the trial court issued a final, non-executable judgment in favor of Markham. In their settlement agreement, Roberts assigned his rights under his insurance policy to Markham. Markham then filed a complaint against Mercury and Roberts.
After a period of discovery, both Mercury and Markham filed motions for partial summary judgment on the issue of insurance coverage. The trial court granted Markham's motion, finding the term "modified" to be ambiguous. When an ambiguity exists in an insurance policy, the policy provision is strictly construed against the drafter. Fayad v. Clarendon Nat'l Ins. Co., 899 So. 2d 1082, 1089 (Fla. 2005). Therefore, the trial court found insurance coverage as a matter of law in favor of Markham and entered an order granting partial summary judgment in his favor. Most importantly for purposes of this appeal, however, the trial court did not rule on the issue of damages which may be awarded against Mercury.
Mercury immediately appealed the trial court's order granting partial summary judgment under rule 9.110(m), which allows for review of "[j]udgments that determine the existence or nonexistence of insurance coverage in cases in which a claim has been made against an insured and coverage thereof is disputed by the insurer. . . ." During oral argument, we requested that the parties address the issue presented here.
We now reject both parties' assertions that we have jurisdiction to consider this appeal. When rule 9.110(m) is analyzed in context with the supreme court's decision in Reed, which was the genesis for the rule, it is clear to us that rule 9.110(m), does not confer jurisdiction on this court to consider Mercury's appeal.
In Reed, an insurance company brought a third-party action against the insured, seeking a declaration of no coverage under the policy. The underlying personal injury action between the insured and the injured party remained pending in the trial court and could not be resolved until the coverage issue between the insurer and the insured was resolved. Here, there is no such underlying personal injury action because it was already resolved with the settlement between Markham and Roberts. Instead, this case involves a typical partial summary judgment, which is non-final because it only determines liability between two parties, leaving other issues yet to be resolved. See McGurn v. Scott, 596 So. 2d 1042 (Fla. 1992) (citing Gore v. Hansen, 59 So. 2d 538 (Fla. 1952) (explaining that an order is final when there is no judicial labor to be done other than execution of the judgment)). Here, unlike the situation in Reed, there is no danger of delaying the underlying action absent prompt appellate review; therefore, the summary judgment is not subject to immediate and expedited review under rule 9.110(m). Consequently, we dismiss the appeal.
DISMISSED.
ALLEN and DAVIS, JJ., CONCUR.
NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED.