940 So.2d 535 (2006)
GULF POWER COMPANY, a foreign corporation for profit, registered in Florida, Appellant,
v.
Eva M. HARPER, a single woman, George D. Holland, III, a married man, Debra Holland Byrd, an unmarried woman, Terry L. Rackley, a married man, and Sherryl J. Rackley, a married woman, individually, and on behalf of a class of other persons similarly situated, Appellees.
No. 1D05-6202.
District Court of Appeal of Florida, First District.
October 26, 2006.
*536 J. Nixon Daniel, III and Terrie L. Didier of Beggs & Lane, Pensacola, for Appellant.
Jill Lyon and Brett Kilbourne of United Telecom Council, Washington, D.C., as Amicus Curiae in support of Gulf Power Company.
David K. Miller of Broad and Cassel, Tallahassee; and Guyte P. McCord, III and Gary M. Ketchum of McCord, Bubsey & Ketchum, L.L.P., Tallahassee, for Appellees.
ALLEN, J.
In this case Gulf Power Company is appealing an order by which the circuit court determined that Gulf Power was using certain easements in a manner which exceeds the scope of Gulf Power's easement rights. Pursuant to that ruling, the court entered a summary judgment in favor of the appellees on their request for a declaratory judgment. That claim was presented in one count of a seven-count complaint. While the dispute in the summary judgment was treated as a threshold issue it did not resolve all of the other issues, and numerous claims remain pending below. Because all of the claims involve the same factual setting and the same parties, and are interdependent and interrelated, the challenged order is non-final and non-appealable as explained in Mendez v. West Flagler Family Association, 303 So.2d 1 (Fla.1974). See also Kirkland v. State of Florida, Department of Health and Rehabilitative Services, 489 So.2d 800 (Fla. 1st DCA 1986).
The summary judgment was entered on the appellees' claim for a declaratory judgment with regard to a dispute over easement rights. In their complaint the appellees also sought supplemental relief upon particular claims in connection with the easement dispute, presenting various theories with requests for damages and injunctive relief. In addition, the appellees indicated in the complaint that they desired class certification, so that the matter could be pursued as a class action. Although the other claims and issues apart from the summary judgment remain outstanding, Gulf Power asserts that an appeal may be obtained upon the summary judgment because it involves a declaratory judgment claim and such judgments are themselves accorded the force and effect of a final judgment. See § 86.011. However, while a declaratory judgment may be appealable when it is unaccompanied by other claims, that does not avoid the non-appealable nature of the order in the present case, under the dictates of Mendez. And Gulf Power's suggestion that an appeal should be afforded as an evolution of declaratory judgment law is likewise unavailing, as this court is not at liberty to assume jurisdiction which has not been properly conferred. Furthermore, Gulf Power's reliance on Canal Insurance Co. v. Reed, 666 So.2d 888 (Fla.1996), is unwarranted as that case addressed a situation involving an insurance coverage dispute between an insured and the insurer, in a proceeding where the insured was being sued by an injured party. Canal Insurance *537 led to the adoption of what is now Florida Rule of Appellate Procedure 9.110(m), which permits an appeal in such circumstances. But Canal Insurance and rule 9.110(m) do not provide a separate right to appeal outside of those limited circumstances. See Mercury Insurance Co. of Florida v. Markham, 938 So.2d 607 (Fla. 1st DCA 2006).
In accordance with Mendez the challenged order in this case is non-final and non-appealable, and this appeal is therefore dismissed.
DAVIS and POLSTON, JJ., concur.