[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 29, 2008
THOMAS K. KAHN
CLERK

No. 07-15360
Non-Argument Calendar
_____

D. C. Docket No. 04-02783-CV-T-23-TBM

UNITED STATES FIRE INSURANCE COMPANY,
a foreign corporation,

Plaintiff-
Counter-Defendant-
Counter-Claimant-
Appellee,

versus

FREEDOM VILLAGE OF SUN CITY CENTER, LTD., et al.,
a Florida limited partnership,

Defendants-
Counter-Claimants-
Counter-Defendants,

JAMES R. MIKES,
SUNCOAST COUNTRY CLUBS, INC.,

Defendants-
Intervenor-Defendants-
Counter-Claimants-
Counter-Defendants-
Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

**(May 29, 2008)**

Before BIRCH, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

James Mikes and Suncoast Country Clubs appeal the summary judgment in favor of United States Fire Insurance Company. The district court concluded that U.S. Fire was not bound by a settlement between its insureds, Freedom Village and Herold, and the defendants, Mikes and Suncoast, because the insureds breached the terms of their umbrella policy. We affirm.

## I. BACKGROUND

Mikes and Suncoast filed a complaint in a Florida court that alleged tortious conduct by Freedom Village and its owner, Frank Herold, that caused Mikes and Suncoast to lose valuable development property. Mikes and Suncoast sought compensatory and punitive damages. When the alleged torts occurred, Freedom Village and Herold had primary coverage from PHICO Insurance Company for one million dollars and umbrella excess coverage from U.S. Fire for ten million dollars. The umbrella policy extended coverage for "bodily injury," "property

2

damage," "personal injury," and "advertising injury," and it prohibited the "assum[ption of] any obligation or incur[ring of] any expense" and the transfer of "rights and duties under the policy" without consent from U.S. Fire. The policy provided that U.S. Fire was not obliged to defend the insured against a complaint until primary coverage had been exhausted. The policy also contained a Florida Amendatory Endorsement that stated U.S. Fire was not liable unless there was "full compliance with all of the terms of the policy."

PHICO assumed the defense of Freedom Village and Herold. U.S. Fire later communicated to Freedom Village and Herold that it had "reserv[ed] . . . rights to dispute its coverage obligations" and, after investigation, concluded that the primary insurance would not be exhausted and that U.S. Fire did not have a "duty to defend." About four years after the litigation began, PHICO became insolvent, and the Florida Insurance Guaranty Association assumed the obligations of PHICO. U.S. Fire later entered a joint defense and confidentiality agreement with Freedom Village and Herold that allowed U.S. Fire to monitor and, if it so chose, to participate in the litigation. Three months later, U.S. Fire filed a complaint for a declaratory judgment about its responsibilities to Freedom Village and Herold.

Freedom Village and Herold later entered a settlement agreement with Mikes and Suncoast. Freedom Village and Herold agreed to a total settlement

3

amount of 5.6 million dollars and purportedly assigned Mikes and Suncoast subrogation rights against the Florida Insurance Guaranty and U.S. Fire. Freedom Village and Herold did not obtain consent from either insurer to settle the case.

U.S. Fire filed an amended complaint for a declaratory judgment that it was not liable to Mikes and Suncoast under the settlement. U.S. Fire alleged that Freedom Village and Herold breached their insurance policy by entering a settlement agreement and assigning the right to collect insurance proceeds without the consent of U.S. Fire. The district court granted summary judgment in favor of U.S. Fire.

## II. STANDARD OF REVIEW

We review summary judgment de novo and view the evidence in the light most favorable to the nonmoving party. Twin City Fire Ins. Co. v. Ohio Cas. Ins. Co., 480 F.3d 1254, 1258 (11th Cir. 2007). Summary judgment should be entered when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

## III. DISCUSSION

Under Florida law, which the parties agree applies to this appeal, insurance contracts are to be construed in a manner that is "reasonable, practical, sensible, and just." Doctors Co. v. Health Mgmt. Assocs., Inc., 943 So. 2d 807, 809 (Fla.

4

Dist. Ct. App. 2006) (quoting Gen. Star Indem. Co. v. W. Fla. Vill. Inn, Inc., 874 So. 2d 26, 29 (Fla. Dist. Ct. App. 2004)). Terms used in a policy are given their plain and ordinary meaning and read in the light of the skill and experience of ordinary people. Bethel v. Sec. Nat'l Ins. Co., 949 So. 2d 219, 222 (Fla. Dist. Ct. App. 2006). Provisions that exclude or limit the liability of an insurer are construed more strictly than provisions that provide coverage. Doctors Co., 943 So. 2d at 809. If those provisions are reasonably susceptible of more than one meaning, they are ambiguous and construed in favor of the insured. Swire Pac. Holdings, Inc. v. Zurich Ins. Co., 845 So. 2d 161, 166 (Fla. 2003); Doctors Co., 943 So. 2d at 809. That rule applies if a genuine inconsistency, uncertainty, or ambiguity in meaning remains after a review of the plain language. Swire Pac. Holdings, 845 So. 2d at 165.

The district court correctly concluded that Freedom Village and Herold violated the terms of their insurance policy when they settled the lawsuit brought by Mikes and Suncoast without the consent of U.S. Fire. In Florida, an insured may not enter a settlement without the consent of the insurer unless its insurer wrongfully fails to provide a defense. Am. Reliance Ins. Co. v. Perez, 712 So. 2d 1211, 1212–13 (Fla. Dist. Ct. App. 1998) (quoting First Am. Title Ins. Co. v. Nat'l Union Fire Ins. Co., 695 So. 2d 475, 477 (Fla. Dist. Ct. App. 1997)). Freedom

5

Village and Herold settled the case even though U.S. Fire was not required to provide a defense. An insurer has to defend its insured when a complaint "alleges facts that fairly and potentially bring the suit within policy coverage." Jones v. Fla. Ins. Guar. Ass'n, 908 So. 2d 435, 443 (Fla. 2005) (per curiam) (citing State Farm Fire & Cas. Co. v. CTC Dev. Corp., 720 So. 2d 1072, 1077 n.3 (Fla. 1998)). That duty does not extend to an excess insurer when a primary insurer has a duty to defend. See 14 Couch on Insurance, § 200:41 (3d ed. 2007).

U.S. Fire was an excess insurer. Unambiguous language in the Commercial Umbrella Policy issued by U.S. Fire stated that its coverage and duty to defend were not activated until all underlying insurance was exhausted. See Nat'l Union Fire Ins. Co. v. Travelers Ins. Co., 214 F.3d 1269, 1272 (11th Cir. 2000) ("In apportioning contractual responsibilities among multiple insurers . . . 'Florida law is quite clear that the parties' intent is to be measured solely by the language of the policies unless the language is ambiguous.'") (quoting Towne Realty, Inc. v. Safeco Ins. Co. of Am., 854 F.2d 1264, 1267 (11th Cir. 1988)). The policy established that the duty to defend by U.S. Fire was "consecutive to, rather than concurrent with, any other underlying insurer's duty to defend." Id. at 1272–73.

The duty to defend rested with PHICO. Mikes and Suncoast sued Freedom Village and Herold for defamation and invasion of privacy and sought

compensatory and punitive damages. PHICO provided primary coverage for all aspects of the suit except punitive damages and was required to defend the lawsuit. See Baron Oil Co. v. Nationwide Mut. Fire Ins., 470 So. 2d 810, 813–14 (Fla. Dist. Ct. App. 1985) ("Where a complaint alleges multiple grounds for liability, with at least one claim being within the insurance coverage and the other not, the insurer is obligated to defend the entire suit."). The Florida Insurance Guaranty assumed this duty when PHICO became insolvent. Jones, 908 So. 2d at 438.

## IV. CONCLUSION

The summary judgment in favor of U.S. Fire is **AFFIRMED**.