ORDER ON MOTION TO DISMISS
LaROSE, Judge.
In these consolidated appeals, Universal Underwriters Insurance Company challenges a partial final judgment that resolves adversely to Universal the declaratory count of the appellees’ multicount complaint. We grant appellee Angela Sta-thopoulos’s motion to dismiss, dismiss the appeal, and certify conflict.
Katherine M. DiGregorio, now represented by Ms. Stathopoulos as bankruptcy trustee, bought a car at an automobile dealership. Shortly after she drove the car off the lot, her application for financing was rejected; the dealership instructed her to return the car. Before she could do so, her boyfriend, driving the car, had an accident that resulted in the death of another person. Appellee Western General Insurance Company, the insurer that provided coverage at the point of sale, defended and indemnified the driver in the resulting wrongful death lawsuit. That lawsuit is over; the driver consented to a $3 million judgment in favor of the deceased’s estate, assigning to the estate the proceeds of any causes of action against Universal. Universal had written the dealership’s “garage” policy and is potentially responsible for coverage because, absent financing, the car arguably belonged to the dealership while in the driver’s possession. In the subsequent lawsuit underlying this appeal, Ms. Stathopoulos and Western General filed a three-count amended complaint against Universal for declaratory relief and for breach of contract and bad faith for Universal’s failure to defend and indemnify the driver in the wrongful death lawsuit. The order on appeal declares that the driver was an insured under Universal’s policy and notes that the other two counts remain pending.
Universal argues in response to the motion to dismiss that Florida Rule of Appellate Procedure 9.110(m) and its progenitor case, Canal Insurance Co. v. Reed, 666 So.2d 888 (Fla.1996), provide this court with jurisdiction to review the order. Rule 9.110(m) provides as follows:
Exception; Insurance Coverage Appeals. Judgments that determine the existence or nonexistence of insurance coverage in cases in which a claim has been made against an insured and coverage thereof is disputed by the insurer may be reviewed either by the method prescribed in this rule or that in rule 9.130.
However, we have construed Reed and rule 9.110(m) in a manner adverse to Universal’s position. In Centennial Insur *959 ance Co. v. Life Bank, 953 So.2d 1 (Fla. 2d DCA 2006), we concluded that
[t]he upshot of Reed is that final declaratory judgments determining insurance coverage are appealable as final- orders regardless of whether they arise from a third-party action or from a separate suit....
It is also important to note that by its holding in Reed, the supreme court did not create jurisdiction in the district courts of appeal. Insofar as the court discerned that declaratory judgments determining coverage are final orders, the district courts already had jurisdiction to review them by appeal. Art. V, § 4(b)(1), Fla. Const. Nor did the Reed decision establish jurisdiction in the district courts to entertain appeals from nonfinal orders determining coverage.
Id. at 3-4. We also concluded that rule 9.110(m) similarly does not create a new basis of jurisdiction. Id. at 4. Rather,
the purpose of rule 9.110(m) is simply to provide a more expeditious procedure for appeals of judgments deciding coverage disputes when a claim has been made against an insured. It does not expand the district courts’ jurisdiction to entertain appeals of nonfinal orders. That being the case, the rule is purely procedural.
Id. (citation omitted). Consequently, the issue before us is not whether, for purposes of jurisdiction, the order on appeal fits a category of order defined by Reed or rule 9.110(m). Rather, we concern ourselves with whether the order on appeal is a final judgment subject to appeal under rule 9.110, or perhaps reviewable under rule 9.130, governing appeals from nonfinal orders, or pursuant to our certiorari jurisdiction.[1]
Rule 9.110(k) provides, in pertinent part, that “[ejxcept as otherwise provided herein, partial final judgments are reviewable either on appeal from the partial final judgment or on appeal from the final judgment in the entire case.” We consider three factors in determining whether an order disposing of less than the entire set of counts in a complaint is reviewable as a partial final judgment pursuant to this provision:
(1) Could the cause of action disposed of by the partial summary judgment be maintained independently of the other remaining causes of action? (2) Were one or more parties removed from the action when the partial summary judgment was entered? (3) Are the counts separately disposed of based on the same or different facts?
Dahly v. Dep’t of Children & Family Servs., 876 So.2d 1245, 1248 (Fla. 2d DCA 2004). Because the amended complaint reflects that the three counts are based on the same facts and are intertwined, we conclude that allowing an appeal of the declaratory count at this stage would foster impermissible piecemeal review. See Mendez v. W. Flagler Family Ass’n, 303 So.2d 1, 5 (Fla.1974). That the appellees might have been able to assert the declaratory cause of action in a separate lawsuit does not alter our conclusion. See Gulf Power Co. v. Harper, 940 So.2d 535, 536 (Fla. 1st DCA 2006) (ruling, in an appeal of a partial summary judgment resolving the declaratory count of a multicount com *960 plaint, that “while a declaratory judgment may be appealable when it is unaccompanied by other claims, that does not avoid the non-appealable [sic] nature of the order in the present case, under the dictates of Mendez ”).[2]
We have considered whether we may exercise jurisdiction pursuant to rule 9.180, governing appeals from nonfinal orders; none of the subdivisions of the rule seem to apply. Finally, we conclude that we lack certiorari jurisdiction. See Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646, 648 (Fla. 2d DCA 1995) (requiring an aggrieved party to demonstrate that the order on review results in material injury for the remainder of the trial that cannot be corrected on postjudgment appeal). We therefore grant the motion to dismiss and dismiss the appeal.
Motion to dismiss granted; appeal dismissed; conflict certified.
DAVIS and WALLACE, JJ., Concur.

. We note that other courts have resolved appeals in similar postures under rule 9.110(m) or Reed, albeit without explicit jurisdictional analysis. See, e.g., Wilshire Ins. Co. v. Birch Crest Apartments, Inc., 69 So.3d 975 (Fla. 4th DCA 2011); Am. Reliance Ins. Co. v. Perez, 712 So.2d 1211 (Fla. 3d DCA 1998). To the extent that the present case is in conflict with these decisions, we certify the conflict. We reach the same conclusion as did the First District in Mercury Insurance Co. of Florida v. Markham, 938 So.2d 607 (Fla. 1st DCA 2006), although by a somewhat different analysis.

. The second factor in Dahly is not relevant to the present case.