ON MOTIONS TO DISMISS

SUAREZ, J.
I. BACKGROUND
The litigation underlying this appeal spans six years and three lower court cases. In 2006, appellees Edelmida and Paulino Rodriguez sued Oswaldo St. Blanchard for injuries allegedly resulting from an automobile accident. GEICO, as Mr. St. Blanchard’s insurer, defended the suit but ultimately issued a reservation of rights based on his alleged misrepresentations regarding his eyesight. Upon Mr. St. Blanchard’s passing, appellee William Pruitt, as personal representative of Mr. St. Blanchard’s estate, refused GEICO’s representation because of the reservation of rights and proceeded with independent counsel. As sanctions for Mr. St. Blanchard’s misrepresentations, the trial court entered two fee and cost judgments against the estate. GEICO was joined as a defendant solely on the issue of coverage. The trial court determined GEICO was estopped from asserting misrepresentation as a defense because it was untimely under the Florida Claims Administration Statute, section 627.426, Florida Statutes (1983). Based on this statutory violation, the trial court precluded GEI- *486 CO from raising additional coverage defenses. This resulted in an implicit finding that GEICO had wrongfully refused to defend the insured. The trial court also granted summary judgment in favor of the Rodriguezes and the estate on the issue of coverage. The estate ultimately stipulated to a consent judgment, without GEICO’s approval.[1] The fee and cost judgments, as well as the determinations on coverage and wrongful refusal to defend, are currently pending before this Court in a separate appeal under case no. 3D12-506.
Prior to the entry of judgment in the tort action, the estate and GEICO initiated separate declaratory actions which remain pending. The estate sought a declaration that GEICO must tender all available coverage and indemnify the fee/cost and consent judgments. The estate also alleged breach of fiduciary duty, legal malpractice, and bad faith based on GEICO’s failure to settle and wrongful refusal to defend. These actions are currently abated. The Rodriguezes were joined as defendants and cross-claimed for bad faith and breach of contract. GEICO, by contrast, sought a declaration that there was no coverage. The estate counterclaimed to declare coverage and allege bad faith. These two declaratory actions were consolidated for limited purposes.
GEICO now appeals three orders entered in the consolidated cases. The first two orders grant partial summary judgment in favor of the estate and the plaintiffs as to the reasonableness and good faith of the consent judgment. The third order granted the plaintiffs’ motion to strike GEICO’s defenses regarding the consent judgment. All three orders state “granted” without explanation. GEICO has appealed these orders as final, and the estate and the Rodriguezes have moved to dismiss the appeal as taken from non-final, non-appealable orders. GEICO opposes the motions to dismiss but has also moved to remand the cases with instructions to sever the declaratory counts and enter final judgments. For the following reasons, we dismiss the appeal.
II. ANALYSIS
GEICO argues immediate appellate review is necessary because the orders at issue end judicial labor regarding its liability for policy limits under the Coblentz agreement,[2] thereby clearing the path to litigate the bad faith claims in the event we affirm the coverage determination. We disagree.
GEICO correctly points out that this case presents a novel issue. An insurer is entitled to appellate review of a determination on liability and damages before an attendant bad faith claim may proceed. United Auto. Ins. Co. v. Tienna, 780 So.2d 1010, 1011 n. 4 (Fla. 4th DCA 2001). However, there is no precedent addressing whether immediate appellate review of a partial summary judgment ruling on the validity of a Coblentz agreement is proper while a bad faith claim remains pending. In American Reliance Insurance Co. v. Perez, 712 So.2d 1211 (Fla. 3d DCA 1998), this Court reviewed a partial summary judgment order finding coverage in a declaratory action after the *487 insured had entered a consent judgment in the separate personal injury action. This Court based jurisdiction on Florida Rule of Appellate Procedure 9.110(n) (1997) and Canal Insurance Co. v. Reed, 666 So.2d 888 (Fla.1996). However, in contrast to the instant appeal, Perez concerned a direct coverage determination. Perez, 712 So.2d at 1212. Moreover, it is unclear whether in Perez, as here, a related bad faith claim remained pending in the trial court. See also Wilshire Ins. Co. v. Birch Crest Apartments, Inc., 69 So.Bd 975 (Fla. 4th DCA 2011) (granting review of coverage determination as final order under declaratory count in action for breach of contract and bad faith following consent judgment).
The jurisdictional analysis in Universal Underwriters Insurance Co. v. Stathopoulos, 113 So.3d 957 (Fla. 2d DCA 2013), more directly applies to these facts. After obtaining a consent judgment, the plaintiffs in Stathopoulos sued the insurer for declaratory relief, breach of contract, and bad faith. Id. at 958. The insurer appealed a partial final judgment declaring the driver an insured while the other counts remained pending. Id. The court concluded the ruling was “based on the same facts and ... intertwined” with the remaining counts and therefore not reviewable as a partial final judgment. Id. at 959 (citing Fla. R. App. P. 9.110(k)). It dismissed the appeal, concluding the ruling was neither an appealable non-final order nor reviewable under the court’s certiorari jurisdiction. Id. at 960.
We reach the same conclusion regarding the orders now at issue. The partial summary judgment orders are non-final and non-appealable as related claims remain pending between the parties. See S.L.T. Warehouse Co. v. Webb, 304 So.2d 97, 100 (Fla.1974). The order striking GEICO’s defenses is also non-final and non-appealable. Northcutt v. Pathway Fin., 555 So.2d 368, 369 (Fla. 3d DCA 1989). The coverage determination from the first suit is already pending appeal before this Court. GEICO improperly conflates the question of wrongful refusal to defend with the question of the insured’s good faith in entering the consent judgment. See Chomat v. N. Ins. Co. of N.Y., 919 So.2d 535, 538 (Fla. 3d DCA 2006) (“Without attempting a comprehensive definition, we think a bad faith claim includes a false claim, or collusion in which the plaintiffs agree to share the recovery with the insured.”). The former is already before this Court in the other appeal.
We also deny GEICO’s motion to remand with instructions to sever the bad faith causes of action and enter final judgment on the declaratory counts. The sev-erability of a declaratory action from the remaining counts does not affect appellate jurisdiction. Stathopoulos, 113 So.3d at 959-60. Remanding the cases with instructions to sever the declaratory counts and enter final judgments would result in impermissible piecemeal review. See S.L.T. Warehouse Co., 304 So.2d at 99.
For the foregoing reasons, this appeal is hereby dismissed.

. The determinations regarding coverage and wrongful refusal to defend satisfy two of the four elements required to hold an insurer liable for a consent judgment. Coblentz v. Amer. Surety Co. of N.Y., 416 F.2d 1059 (5th Cir.1969); Quintana v. Barad, 528 So.2d 1300, 1301 n. 1 (Fla. 3d DCA 1988). The remaining elements, reasonableness and good faith, are the subject of the instant appeal. Quintana, 528 So.2d at 1301 n. 1.

. Coblentz v. Amer. Surety Co. of N.Y., 416 F.2d 1059 (5th Cir.1969).