JORDAN, Circuit Judge,
concurring in the judgment.
The Court’s construction of Florida’s Claims Administration Statute, Fla. Stat. § 627.426, makes sense to me, but it runs counter to the Fourth District’s decision in Nationwide Mut. Fire Ins. Co. v. Beville, 825 So.2d 999,1003-04 (Fla. 4th DCA 2002) (holding that insured’s failure to provide proper notice of claim constituted a “coverage defense” under the CAS, and that insurer was required to pay for insured’s pre-notice expenses because it did not comply with the CAS). Our cases say that we are bound to follow a decision by a Florida intermediate appellate court unless there is a persuasive indication that the Florida Supreme Court would decide the issue differently, see, e.g., McMahan v. Toto, 311 F.3d 1077, 1080 (11th Cir. 2002), and I do not think Beville is distinguishable.
I would resolve the case solely on the alternative rationale articulated by the Court at the end of the majority opinion. Section IV(2)(d) of the policy provides that “[n]o insured will, except at that insured’s own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without [Travelers’] consent.” D.E. 52-1 at 27 (emphasis added). The phrase “except at that insured’s own cost” makes this policy language tantamount to a policy exclusion. As I read it, this voluntary payments provision means that the insured is responsible for the costs it incurs (other than for first aid) without the insurer’s consent and that no coverage or indemnification is available for such costs. See Am. Reliance Ins. Co. v. Perez, 712 So.2d 1211, 1212-13 (Fla. 3d DCA 1998) (holding that the same voluntary payments provision precluded coverage where the insured settled a claim without the insurer’s consent); Rolyn Companies, Inc. v. R & J Sales of Texas, Inc., 412 Fed.Appx. 252, 255 (11th Cir. 2011) (concluding, under Florida law, that the same voluntary payments provision precluded the insured from recovering repair costs it incurred before seeking consent from the insurer to perform repairs). Accord West Bend Mu. Ins. C. v. Arbor Homes LLC, 703 F.3d 1092, 1096-97 (7th Cir. 2013) (holding, under Indiana law, that the same voluntary payments provision precluded coverage where the insured settled a claim without the insurer’s consent); Lafarge Corp. v. Hartford Cas. Ins. Co., 61 F.3d 389, 399-400 (5th Cir. 1995) (concluding, under Texas law, that a voluntary payments provision precluded the insurer from being liable for defense costs incurred by the insured prior to tender of claim); Insua v. Scottsdale Ins. Co., 104 Cal.App.4th 737, 743-44, 129 Cal.Rptr.2d 138 (2002) (ruling, under California law, that the same voluntary payments provision typically “bars reimbursement for pre-tender expenses based on the reason *1117 ing that until the defense is tendered ... there is no duty to defend”) (internal quotation marks omitted).
This is the majority rule. See 8 New Appleman on Insurance Law Library Edition § 20.04(3)(b) (LexisNexis 2016) (recognizing, but criticizing, the majority rule). And because this voluntary payments provision constitutes a policy exclusion, the CAS does not apply. See AIU Ins, Co. v. Bloch Marina Inv., Inc., 544 So.2d 998,1000 (Fla. 1989).