# Third District Court of Appeal

## State of Florida

Opinion filed July 26, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-885
Lower Tribunal No. 11-13204
_____

**Gulfstream Property & Casualty Insurance Company,**
Appellant,

vs.

**David Coley,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Michael A. Hanzman, Judge.

Groelle & Salmon, P.A., and Celeste B. Marcks (West Palm Beach), for appellant.

Alvarez, Carbonell, Feltman, & DaSilva, PL, and Paul B. Feltman, for appellee.

Before LAGOA, SCALES, and LUCK, JJ.

LAGOA, J.

Gulfstream Property & Casualty Insurance Co. ("Gulfstream") appeals the entry of summary judgment in favor of its insured, David Coley ("Coley"), as to Count I of the Amended Complaint. Because the order under appeal is neither a final order nor an appealable non-final order, we dismiss for lack of jurisdiction.

## I.     FACTUAL AND PROCEDURAL HISTORY

Coley filed a single count complaint against Gulfstream for breach of contract (Count I) related to a claim under his homeowner's policy stemming from Hurricane Wilma. After the trial court granted Coley's motion for summary judgment, Gulfstream sought to appeal the order twice. This Court dismissed both appeals for lack of jurisdiction. Gulfstream Prop. & Cas. Ins. Co. v. Coley, 195 So. 3d 381 (Fla. 3d DCA 2015); Gulfstream Prop. & Cas. Ins. Co. v. Coley, 208 So. 3d 91 (Fla. 3d DCA 2015).

After it granted summary judgment, the trial court granted Coley leave to assert claims for bad faith under section 624.155, Florida Statutes (2016), and for negligence per se under section 825.102, Florida Statutes (2016). Coley filed an Amended Complaint asserting the following three counts: (1) breach of contract (Count I) (Coley's original claim); (2) civil remedy of bad faith pursuant to section 624.155 (Count II); and (3) negligence per se pursuant to section 825.102 (Count III). Several months later, the trial court entered a "Final Judgment" (hereinafter referred to as the "Order") based on its earlier order granting summary judgment

2

on the claim for breach of contract. In relevant part, the Order stated that Coley recover from Gulfstream "the gross sum of . . . $24,168.60, of which the net sum of . . . $19,334.88, payable to Mr. Coley by order of this Court, has since been satisfied by Defendant." The Order further stated: "Plaintiff's bad faith claim [Count II] . . . is stayed until further order of this Court." The Order did not mention Count III of the Amended Complaint (i.e., the negligence per se claim) and that count remains pending below. Gulfstream timely appealed the Order, and this appeal ensued.

## II.    ANALYSIS

Although neither party challenged this Court's jurisdiction, we conclude that the Order appealed is neither a final order[1] nor an appealable, non-final order as it suffers from several jurisdictional defects. First, while the Order stays the insured's bad faith claim (Count II), it does not mention Coley's negligence per se claim (Count III). No record evidence exists that Count III was intended to have been stayed as well. At oral argument, counsel for Gulfstream contended that this absence may be chalked up to a scrivener's error. While "the court in its discretion may grant the parties additional time to obtain a final order from the

---

[1] Irrespective of the caption of the trial court's order, the Order at issue here is non-final, as Count III remains pending and is intertwined with, and not independent of, Count I.

3

lower tribunal," Fla. R. App. P. 9.110(*l*), we decline to do so in light of the second, more serious jurisdictional defect contained in the Order.

Pursuant to Florida Rule of Appellate Procedure 9.110(k),[2] a partial final judgment is appealable if it "is one that disposes of a separate and distinct cause of action that is not interdependent with other pleaded claims." Because the negligence per se claim remains pending below and is interdependent with the facts giving rise to the breach of contract claim, the order on appeal cannot constitute a partial final judgment under Rule 9.110(k).

Often in the insurance context, a dissatisfied insured brings a breach of contract claim against his or her insurer. Once that claim has been brought to a final judgment, the insured may then litigate a bad faith claim against the insurer based on the insurer's conduct subsequent to the initial breach of contract. Procedurally, this is usually accomplished by including the bad faith claim either in the initial complaint (in which case the bad faith claim is stayed pending the determination of the breach of contract claim) or an amended pleading after the final judgment in the breach of contract claim. See Fridman v. Safeco Ins. Co. of Ill., 185 So. 3d 1214, 1229-30 (Fla. 2016). Generally then "a final ruling on

_____

[2] Rule 9.110(k) provides in part that: "A partial final judgment, other than one that disposes of an entire case as to any party, is one that disposes of a separate and distinct cause of action that is not interdependent with other pleaded claims. If a partial final judgment totally disposes of an entire case as to any party, it must be appealed within 30 days of rendition."

4

coverage [the breach of contract claim] is appealable when a bad faith claim remains pending between the parties, with the rationale being that the coverage issue should be completely resolved before the bad faith claim proceeds." North Am. Capacity Ins. Co. v. C.H., 173 So. 3d 1075, 1077 (Fla. 2d DCA 2015). When other claims interdependent with the breach of contract claim remain pending, however, the order disposing of the breach of contract claim is not an appealable final judgment. GEICO Gen. Ins. Co. v. Perez, 199 So. 3d 380, 380 (Fla. 3d DCA 2016) (dismissing appeal where order adjudicated only one of six counts against insurer and remaining counts were "intertwined with and not independent of, the adjudicated count"); GEICO Gen. Ins. Co. v. Pruitt, 122 So. 3d 484, 487 (Fla. 3d DCA 2013) (dismissing appeal from partial summary judgment ruling on validity of Coblentz agreement while bad faith claim remains pending); Universal Underwriters Ins. Co. v. Stathopoulos, 113 So. 3d 957 (Fla. 2d DCA 2013) (dismissing appeal from partial final judgment on declaratory count where breach of contract and bad faith claims against insurer remained pending).

The Fifth District Court of Appeal's decision in Prudential Property & Casualty Insurance Co. v. Gerber, 773 So. 2d 571, 571 (Fla. 5th DCA 2000), is instructive. In Gerber, the insurer for the tortfeasor in an automobile accident obtained a release from the automobile accident victim for "all bodily injury resulting from the accident." Following the release, the automobile accident victim

5

filed an independent suit against the tortfeasor for his negligence in causing the accident. Id. The automobile accident victim also proceeded to file suit against the insurer for its earlier actions in obtaining the release from the victim, which the victim alleged constituted exploitation of the elderly in violation of section 825.102, Florida Statutes. Id. The insurer moved to stay the action against it until the negligence action against the insured was concluded, which the trial court denied. Id. at 572. The insurer filed a petition for certiorari before the Fifth District Court of Appeal claiming that the action against it was similar to a bad faith action and therefore did not accrue until the liability claim against the insured tortfeasor was decided. The district court denied the petition and concluded that the independent action was not akin to a bad faith claim for refusal to settle. Id.

Similar to the negligence action in Gerber, the negligence per se claim brought in this action under section 825.201 is not akin to the bad faith claim also alleged here. Instead, the negligence per se claim is interdependent with the breach of contract claim Coley initially brought against his insurer. Because the negligence per se claim is interdependent and intertwined with the breach of contract claim, the order at issue does not constitute a partial final judgment pursuant to Rule 9.110(k). Accordingly, this Court lacks jurisdiction to entertain this appeal and dismisses the appeal.

DISMISSED.

6