# Third District Court of Appeal
## State of Florida

Opinion filed September 7, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0866
Lower Tribunal No. 18-8930
_____

## Homeowners Choice Property & Casualty Insurance Company,
Appellant,

vs.

## Patrick Fraser and Alice Jacobs,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

Cole, Scott & Kissane, P.A., and Mark D. Tinker (Tampa), for appellant.

Mintz Truppman, P.A., and Timothy H. Crutchfield, for appellees.

Before SCALES, GORDO and BOKOR, JJ.

**On Motion to Dismiss**

BOKOR, J.

Homeowners Choice seeks review of a declaratory decree and related order under Florida Rule of Appellate Procedure 9.110(k). However, the decree and order on appeal resolve, at most, the declaratory judgment count asserted by the insureds, but leave unresolved the insureds' claims for fraud in the inducement and breach of contract. In reviewing the operative complaint, the decree and order on appeal, the plain language of Rule 9.110(k), and the body of caselaw applying such rule, we conclude that we lack jurisdiction to consider this premature, piecemeal appeal.

To determine the appealability of a partial summary judgment order disposing of less than the entire action, we first determine the scope of the orders on appeal and apply Florida Rule of Appellate Procedure 9.110(k), the relevant rule governing the appeal of nonfinal orders. The operative complaint filed by the insureds against Homeowners Choice asserts three counts: one for declaratory judgment, one for fraud in the inducement, and one for breach of contract. All three counts rely on the same operative set of facts.

The decree Homeowners Choice seeks to appeal answers two discrete questions in the affirmative: (1) that Homeowners Choice was required to pay or deny the insureds' claim within 90 days after Homeowners Choice received notice of the claim pursuant to section 627.70131, Florida

Statutes; and (2) that the failure of Homeowners Choice to pay or deny the claim within 90 days constitutes a violation of Florida law and a breach of the subject insurance contract.

The plain language of Rule 9.110(k), entitled "Review of Partial Final Judgments," shows that this appeal isn't ripe. The rule explains that "[a] partial final judgment, other than one that disposes of an entire case as to any party, <u>is one that disposes of a separate and distinct cause of action that is not interdependent with other pleaded claims</u>." Fla. R. App. P. 9.110(k) (emphasis added). The decree and related order on appeal resolve only the declaratory judgment count, leaving other related counts relying on the same factual nexus unresolved.[1] The resolution of the pending breach of contract claim would rely, at least in part, on the findings made in the decree and order on appeal. See <u>Libman v. Fla. Wellness & Rehab. Ctr., Inc.</u>, 260 So. 3d 515, 518 (Fla. 3d DCA 2018) ("It is well-established that '[p]iecemeal appeals will not be permitted where claims are interrelated and involve the

---

[1] Arguably, the decree doesn't resolve the entirety of the declaratory judgment count, which contained numerous subcounts. We sidestep that issue because even if the decree completely resolved the declaratory judgment count, we nonetheless find the appeal premature based on the other, interrelated legal claims for fraud in the inducement and breach of contract.

same transaction and the same parties remain in the suit.'") (quoting <u>S.L.T.</u> <u>Warehouse Co. v. Webb</u>, 304 So. 2d 97, 99 (Fla. 1974)).

Our sister court devised a three-part test, applying Rule 9.110(k) to an order on appeal:

> (1) Could the cause of action disposed of by the partial summary judgment be maintained independently of the other remaining causes of action? (2) Were one or more parties removed from the action when the partial summary judgment was entered? (3) Are the counts separately disposed of based on the same or different facts?

<u>Universal Underwriters Ins. Co. v. Stathopoulos</u>, 113 So. 3d 957, 959 (Fla. 2d DCA 2013) (citing <u>Dahly v. Dep't of Child. & Fam. Servs.</u>, 876 So. 2d 1245, 1248 (Fla. 2d DCA 2004)). Unsurprisingly, we come to the same conclusion in applying these factors as we do in reading the plain language of the statute. As to the first factor, the "cause of action" disposed of by the "partial summary judgment" could not be maintained independently of the other remaining causes of action. The legal and declaratory counts all rely on the same operative facts and couldn't be maintained independently of each other. The decree noted that "[t]he remaining issues raised in Plaintiffs' Amended Complaint remain pending before this court, <u>including issues that may be interrelated with the issues resolved by this Decree</u>." (emphasis added). As to the second factor, we note that all claims are between the same parties. The resolution of the declaratory judgment through the partial

4

summary judgment order fails to extinguish all claims as they relate to any one party. Finally, as to the third factor, we note that the factual underpinning for the claim seeking declaratory relief overlaps extensively (if not entirely) with the facts underlying the breach of contract claim, rendering the claims interrelated.

Accordingly, we dismiss the appeal as premature. See Koe v. Citizens Prop. Ins. Corp., 225 So. 3d 983 (Fla. 3d DCA 2017) (dismissing appeal for lack of jurisdiction where proposed orders failed to meet the requirements for application of 9.110(k) in that interrelated claims remained pending before the trial court); Geico Gen. Ins. Co. v. Pruitt, 122 So. 3d 484, 487 (Fla. 3d DCA 2013) (dismissing appeal for lack of jurisdiction finding that partial summary judgment orders were non-final and non-appealable because related claims remain pending between the parties); Stathopoulos, 113 So. 3d at 959 (dismissing appeal where amended complaint reflects that the three counts are based on the same facts and are intertwined and concluding that allowing an appeal of the declaratory count would foster impermissible piecemeal review); see also Mid-Continent Cas. Co. v. Flora-Tech Plantscapes, Inc., 225 So. 3d 336, 338 (Fla. 3d DCA 2017) (dismissing appeal for lack of jurisdiction where declaratory judgment on appeal failed to otherwise contain the traditional words of finality); Ball v. Genesis

<u>Outsourcing Sols., LLC</u>, 174 So. 3d 498, 499 (Fla. 3d DCA 2015) (explaining that an order that merely grants a motion and does not contain language that enters judgment is not a final order and that a notice of appeal from such order is premature).

Motion granted; appeal dismissed.