# Third District Court of Appeal
## State of Florida

Opinion filed January 10, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1941
Lower Tribunal No. 17-16141
_____

**Marko Dejanovic,**
Petitioner,

vs.

**Wayne Block,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Gina Beovides, Judge.

Rex E. Russo, for petitioner.

Burstein & Associates, P.A., and Bernardo Burstein, for respondent.

Before HENDON, GORDO, and BOKOR, JJ.

HENDON, J.

The defendant below, Marko Dejanovic ("Dejanovic"), petitions this Court for a writ of certiorari, seeking to quash the portion of the trial court's partial final judgment entered in favor of the plaintiff below, Wayne Block ("Block"), which allowed for the immediate execution of the monetary award. For the reasons that follow, we grant the petition and quash the portion of the partial final judgment authorizing immediate execution.

Block filed suit against Dejanovic, Lorena Dejanovic, and Dejanovic's business entities, Clavis Investments, Inc. ("Clavis") and Sigma Equity Lending, LLC. ("Sigma"), regarding representations made by Dejanovic to Block before and during Block's employment as Vice President and General Counsel of Clavis and Sigma. Specifically, Block asserted six (6) counts against Dejanovic: Count I: Fraud and Fraud in the Inducement; Count IV: in the alternative, Negligent Misrepresentation; Count VII: Breach of Contract;[1] Count X: Unjust Enrichment; Count XIII: Violation of the Florida Uniform Fraudulent Transfer Act;[2] and Count XIV: Breach of Contract.[3]

---

[1] This count appears to be in relation to an employment contract: "Dejanovic entered into a contract whereby Block was to be compensated for his services and other consideration."

[2] This count is also asserted against Lorena Dejanovic, Clavis, and Sigma.

[3] This count is also asserted against Lorena Dejanovic and is in relation to two mortgages entered into by Dejanovic and Lorena Dejanovic for

In response, Dejanovic filed an answer and affirmative defenses. Block then moved for default and judgment by default against Clavis and Sigma for their failure to respond to the amended complaint. The lower court rendered default and final judgment against both Clavis and Sigma, noting in each final default judgment that "certain counts [were alleged in the] alternative to others" and dismissed "those alternative [counts] as moot." Then, based on the default judgment against Clavis and Sigma, Block filed a motion for summary judgment against Dejanovic asserting that collateral estoppel and/or res judicata requires the entry of summary judgment against Dejanovic. The trial court granted, in part, Dejanovic's motion for summary judgment, held the default judgment enforceable against Dejanovic for some, but not all, of the pending counts, and stated:

> The default judgment is enforceable against Dejanovic, but only as to the causes of action of Fraud, Fraud [i]n the Inducement, Breach of Contract, and Violation of the Florida Uniform Fraudulent Transfer Act, not against the causes of Negligent Misrepresentation and Unjust Enrichment, . . . [and the] Breach of Contract alleged against Dejanovic and [Lorena] Dejanovic.[4]

"business purposes only . . . for working capital for . . . Clavis." A copy of the mortgages is attached to the amended complaint.

[4] The lower court agreed with Dejanovic that Block "ha[d] not satisfied all the elements of collateral estoppel or res judicata as to the following causes of action: Negligent Misrepresentation, Unjust Enrichment, and Breach of Contract."

Block then filed a motion for entry of partial final judgment. The trial court granted Block's motion for partial final judgment and entered an order stating that Block shall recover from Dejanovic "the sum of $126,808.92, that shall bear interest at the Florida statutory rate, *for which let execution issue*." (emphasis added). In the order, the lower court also "reserve[d] jurisdiction to render judgment on the remaining counts." This Petition for Writ of Certiorari followed.

On first-tier certiorari of a non-final order, the inquiry is whether there is "a material injury that cannot be corrected on appeal, otherwise termed irreparable harm" and whether "the decision below departed from the essential requirements of law—something that is more than just a legal error." Citizens Prop. Ins. Corp. v. San Perdido Ass'n, Inc., 104 So. 3d 344, 351 (Fla. 2012). A departure from the essential requirement of the law "requires a showing of 'a violation of a clearly established principle of law resulting in a miscarriage of justice.'" Sahmoud v. Marwan, 338 So. 3d 29, 30 (Fla. 3d DCA 2022) (quoting Combs v. State, 436 So. 2d 93, 95-96 (Fla. 1983)).

An order "resolving only part of a civil lawsuit by requiring a party to make an interim payment while leaving intertwined factual matters unresolved presents the type of irreparable harm and departure from the

essential requirements of the law remediable by issuance of a writ of certiorari." People's Trust Ins. Co. v. Gonzalez, 318 So. 3d 583, 583 (Fla. 3d DCA 2021); see also Kratos Holdings, LLC v. Direct Invs. Int'l, LLC, 323 So. 3d 334, 336 (Fla. 3d DCA 2021) (granting the petition for certiorari and quashing the portion of the partial summary judgment authorizing immediate execution as the "partial summary judgment left intertwined factual matters unresolved"). To determine whether claims are interrelated, Florida courts look at, among other things, whether the pending counts "rely on the same operative facts and couldn't be maintained independently of each other." Homeowners Choice Prop. & Cas. Ins. Co. v. Fraser, 346 So. 3d 228, 230 (Fla. 3d DCA 2022); see also Universal Underwriters. Ins. Co. v. Stathopoulos, 113 So. 3d 957, 959 (Fla. 2d DCA 2013) (looking at whether the "counts separately disposed of [are] based on the same or different facts").

In the instant case, the claims that were disposed of, i.e., fraud, fraud in the inducement, breach of contract, and violation of the Florida Uniform Fraudulent Transfer Act, arise out of and rely on the same operative facts as the pending negligent misrepresentation and unjust enrichment claims; these claims all arise from the representations made by Dejanovic and the employment contract. Thus, we conclude that the partial final judgment left

5

intertwined factual matters unresolved. As such, we grant the petition for writ of certiorari and quash that portion of the partial final judgment authorizing immediate execution.

Petition granted; the portion of the partial final judgment authorizing immediate execution is hereby quashed.